[No. 850. Decided May 25, 1895.]

MARTIN SAUTTER, *Respondent*, v. TILLIE L. McDONALD, *Appellant*.

MECHANICS' LIENS — SUFFICIENCY OF CLAIM—VERIFICATION—MATERIALS FURNISHED CONTRACTOR.

A verification of a claim of lien to the effect that the affiant believes the same to be *true* is equivalent to alleging that he believes the claim to be *just*.

The employment of the term *lien* instead of *claim of lien*, in referring to the claim in the verification thereof, will not render the verification insufficient.

A contractual relation between the owner and contractors is sufficiently stated in a claim of lien by stating, after naming the owner, and that she caused a building to be erected, that certain persons named are the contractors for the construction of said building.

Where it appears from a lien notice, construed as a whole, that certain persons were the contractors for the erection of a building for the owner of certain premises, and that materials had been furnished to said contractors for such purpose, it is sufficient, although the language employed may not be direct and explicit.

*Appeal from Superior Court, Kittitas County.*

*H. J. Snively,* and *Pruyn & Ready,* for appellant.

*A. Mires,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought to foreclose a mechanic's lien against property belonging to the appellant. The claim of lien which was sought to be foreclosed in this action was in words and figures as follows, omitting the formal part:

"Notice is hereby given that Martin Sautter, of Kittitas county, Washington Territory, lumber dealer at the times hereinafter mentioned, furnished materials which were actually used in the construction of a certain dwelling house [describing the lot on which said building was situated]. That Tillie L. McDonald is the name of the owner and reputed owner of said premises, and caused said building to be erected and constructed. That George Beath and —— Brown, partners under the firm name of Beath & Brown, are the names of the contractors for the construction of said building, who, as such contractors, entered into an oral contract with said Sautter on or about the 26th day of July, 1888, under and by which said Sautter was to furnish material for the construction of said building, and the following is a statement of the terms and conditions of said contract. That said Sautter was to furnish lumber to be used in construction of said house in amounts and kinds as the same was ordered by said Beath & Brown from time to time, and to receive pay therefor on delivery at the prices hereinafter mentioned. That in accordance with said contract the said Sautter between July 26, 1888, and

October 15, 1888, inclusive, furnished the following lumber at the said rates, to wit:" [Here follows the amount and price of the lumber furnished.]

The necessary allegations as to time are stated, and also that said owner had due notice of said materials being furnished for said building. The verification is as follows:

" Martin Sautter, being first duly sworn, on oath says: ' I am the person named in the foregoing lien; I have heard the same read, know the contents thereof and believe the same to be true.'" [Signed and sworn to.]

The first contention of appellant is that the claim of lien is not verified as required by law. It is claimed that this verification does not meet the statutory requirement; that the verification should be to the effect that the affiant believes the same to be *just,* the language in this case being that affiant believes the same to be *true.* It seems to us that it would be the height of injustice to hold a verification invalid because the word "just" was omitted and the word "true" used in its place, and this question was squarely passed upon by this court in opposition to appellant's contention in the case of *Fairhaven Land Co. v. Jordan,* 5 Wash. 729 (32 Pac. 729).

It is further contended by the appellant that the verification is insufficient because it states that the affiant was the person named in the foregoing *lien,* instead of the foregoing *claim of lien.* We do not think there is any merit in this objection. The terms " lien " and " claim of lien " are used interchangeably here. It is the claim of lien which is set forth above the verification and which is referred to by the verification as the " foregoing lien," and such a technical construction as that contended for by appellant would not be in the interests of justice, and the omission of the

words " claim of " could not by any possibility mislead or wrong the appellant.

The second contention is that there is no person named in said claim of lien to whom the materials were furnished; and the third, that there is no contract mentioned or set out in said claim of lien, showing that there was any contractual relation between Tillie L. McDonald and Beath & Brown, or any one else, as to the erection, or furnishing of materials for the construction of the dwelling house described in plaintiff's complaint.

A lien notice, like a pleading in any case, must be construed as a whole, and all the different allegations must be construed together when it is plainly the intention to so construe them. This lien notice states in the first place that " Tillie L. McDonald is the name of the owner," and that she " caused said building to be erected and constructed;" that " George Beath and —— Brown . . . are the names of the contractors for the construction of said building." (The antecedent of "said building " is evidently the building which Tillie L. McDonald caused to be constructed.) That Beath & Brown, as such contractors, entered into an oral contract with the respondent here, under and by which the respondent was to furnish material for the construction of said building. That in accordance with said contract, viz., the contract entered into between Beath & Brown and this respondent, the respondent furnished this material.

It seems to us that, while probably more direct and explicit language might have been employed, no one could read this lien notice without being notified that Tillie L. McDonald caused said building to be erected and constructed by Beath & Brown, and if she did cause it to be erected and constructed by Beath &

Brown, then a contractual relation existed between Beath & Brown and Tillie L. McDonald, and they became her agents under the lien laws, for the construction of this building, by reason of this contractual relation, and not by reason of any statement to the effect that they were her agents, which would be a mere conclusion of law. And as to the assertion that there is no person named in the said claim of lien to whom the materials were furnished, the lien claim asserts that the contractors entered into an oral contract with the respondent to furnish materials for the construction of said building, which, as we have before said, refers to the building which was caused to be constructed by Tillie L. McDonald; and that, in accordance with said contract, the respondent furnished the material described. This is in effect stating that he furnished it to the contractors Beath & Brown.

This case, so far as the third proposition is concerned, viz., that no contractual relation is shown between the owner and the contractors, falls squarely under the rulings of this court in *Collins v. Snoke*, 9 Wash. 566 (38 Pac. 161), where it was held that "a claim of lien which sets out that 'S is the name of the owner and reputed owner of said premises; and caused said building or structure to be built and erected; that R is the name of the contractor who, as such contractor, made and entered into a contract with C under and by which the hardware was to be furnished for said building,' sufficiently states the relation of principal and agent between owner and contractor."

There is no question raised here as to the description of the property upon which the lien is claimed, and as the objections raised seem to us to have no substantial merit, the judgment will be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.