[No. 5155.]
[No. 2735 C. A.]

GUTSHALL ET AL. v. KORNALEY.

1. **Mechanics' Liens—Pleading—General and Special Demurrers.**

The complaint in an action to establish a mechanic's lien alleged that materials were furnished to G., who was in possession of the premises under a contract with K., in whom was the recorded title; that G. and K. were the owners, or reputed owners, but that the exact interest of each could not be set forth,

because the contract was not of record, and that the lien claimant had no means of ascertaining its terms; and that K. had full knowledge of the furnishing of the materials, but, notwithstanding such fact, he did not give claimant notice or keep posted a notice on the premises that his interest would not be subject to a lien. Held, that, while the complaint is uncertain as to whether plaintiff seeks to establish a lien against the record owner ·because the latter expressly or impliedly contracted for the materials through G., or whether he seeks to charge K. under § 5 of the Mechanics' Liens Act (Sess. Laws '99, p. 261), upon the ground that the latter impliedly gave his consent to the repairs for which the material was furnished by not giving or posting the notice required by such section, still, as such uncertainties appear upon the face of the complaint, they were subject to a demurrer upon that specific ground, and defendant, by filing a general demurrer, has waived such defects.—P. 198.

2.　Mechanics' Liens—Verification of Statement—Sufficiency.

Section 8 of the Mechanics' Lien Act (Sess. Laws '99, p. 270) requires that the lien statements must be signed and sworn to by the claimant or some one in his behalf "to the best knowledge, information and belief of the affiant." Section 19 of the same act declares that the provisions of the act shall receive a liberal construction in all cases. Held, that a verification that the claimant "has read the same and is familiar with the contents thereof, and that the same is true, as he verily believes, and that the amount therein stated as due is due," as well as one that the statement "is true, and that the amount of indebtedness therein as due is due and unpaid," is sufficient, and each goes further than the statute requires.—P. 199.

3.　Constitutional Law—Validity of Statute—Necessity of Determination. .

Where, from the face of a complaint, it cannot be determined whether the cause of action is based upon contract or upon the provisions of a statute, the constitutionality of such statute will not be determined on appeal from the judgment sustaining a general demurrer.—P. 200.

*Appeal from the District Court of Ouray County.*
*Hon. Theron Stevens, Judge.*

Action by S. P. Gutshall against H. A. Kornaley, · S. C. Stevens et al. From a judgment sustaining

demurrers to the complaint and to a cross-complaint, plaintiff and defendant Stevens appeal.

*Reversed.*

Messrs. STORY & STORY, for appellants.

Mr. JOHN T. BARNETT and Mr. JOHN F. WOOD, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff Gutshall in his complaint, and the defendant Stevens in his cross-complaint, or counter-claim, contained in his answer, respectively seek to establish and foreclose a lien upon certain premises in the city of Ouray for materials which were furnished and used in the alteration and construction of a building situate upon premises of which defendant Effie Golden was in possession under a contract with the record owner, defendant Kornaley. Kornaley's demurrers to Gutshall's complaint and to Stevens' cross-complaint on the ground that they did not state facts sufficient to constitute a cause of action, or entitle claimants to any relief whatever as against him, were sustained by the court, and Gutshall and Stevens have appealed.

The complaint and cross-complaint are the same, so far as concerns the material question here involved. The two pleadings allege the furnishing to Effie Golden of the materials for which liens are sought. They further allege that at that time Golden was in possession of the premises under a contract between her and her co-defendant Kornaley, in whom was the record title; and that Golden and Kornaley were the owners, or reputed owners, but the exact interest of each therein could not be set forth with particularity because the contract between them was not of record, and the lien claimants had no means of ascertaining its terms.

The pleadings further set out that defendant Kornaley had full knowledge of the fact that the claimants were furnishing materials to Golden, and, notwithstanding such knowledge, he did not give to them any notice, either verbal or otherwise, or keep posted a written or printed notice on the premises to the effect that his interest would not be subject to the lien for the value of such material.

It thus appears that there is an uncertainty in the pleadings of the lien claimants as to whether they seek to establish a lien as against the record owner of the premises because the latter expressly or impliedly through a tenant contracted for the materials, or whether Kornaley is sought to be charged under section 5 of the Mechanics' Lien Act of 1899 (Sess. Laws 1899, 261), upon the ground that he, as owner, impliedly gave his consent to such repairs because he did not, as that section requires, after knowledge thereof, notify the claimants that his interest was not to be subject to the lien.

The pleadings of the claimants set out *in extenso* a copy of the lien statements which were filed with the county clerk. Taking these pleadings in their entirety, as should be done, there is enough in them, as against a general demurrer, to show a cause of action against the record owner upon the ground of an express or implied contract with the claimants. There is an uncertainty in these pleadings, already alluded to, as to the particular statutory ground upon which the liens were predicated, and there is further uncertainty therein with respect to the separate interests which the defendants Golden and Kornaley had in the premises, owing to inability of the claimants to learn the exact terms of the contract under which, apparently, it is claimed that Golden had authority from Kornaley to make improvements and incur indebtedness.

Such uncertainties, however, appearing, as they do, on the face of the pleadings, were the subject of a demurrer upon that specific ground, and as defendant Kornaley made only a general objection to the pleadings, and failed to interpose a special demurrer, he has waived such defects.

The recitals in the record show that the court sustained the demurrers upon the ground of a defective verification of the statements of the lien claimants. Section 8 of the Mechanics' Lien Act requires that the statements must be signed and sworn to by the claimant, or some one in his behalf, "to the best knowledge, information and belief of the affiant." The verification of Gutshall to his statement is that "he has read the same and is familiar with the contents thereof, and that the same is true, as he verily believes, and that the amount therein stated as due is due." Stevens' verification is to the effect that the statement "is true, and that the amount of indebtedness therein stated as due is due and unpaid." Section 19 of the same act declares that the provisions of this act shall receive a liberal construction in all cases. We think these verifications are in substantial compliance with the requirement of the statute. Indeed, in one sense, they are more comprehensive than it requires. The verification by Gutshall that the statement is true, as he verily believes, and by Stevens that the statement and its contents are true, go farther than the statutory requirement. Cases supporting this ruling are: *Johnston v. Harrington,* 5 Wash. 73; *Sautter v. McDonald,* 12 Wash. 27; *Grace et al. v. Oakland Building Assn.,* 166 Ill. 637.

Appellee cites no case to the contrary, and does not seriously question the correctness of the conclusion. His principal argument is directed against the validity of section 5 of the Mechanics' Lien Act upon the ground that, if enforced, it deprives him

of property without due process of law, and is an infringement of his right of contract. Without intimating any opinion upon this point, which, it seems, was not mooted below, or decided there, we decline, for the reasons already given, to enter upon such investigation. The pleadings of the lien claimants state a cause of action wholly without reference to section 5. If upon the trial it should appear that these liens are based entirely upon its provisions, there will be time enough then to determine its constitutionality. If, upon the other hand, the proofs should show that under the contract between Kornaley and Golden the latter was his agent, and that the materials furnished were under contracts with the owners, there will be no occasion for passing upon this grave constitutional question.

The judgment must be reversed and the cause remanded with permission to defendant Kornaley to answer the cross-complaint or counterclaim of Stevens as he may be advised. *Reversed*.

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.