[L. A. No. 6360.   Department One.—March 28, 1921.]

GOLDEN STATE PORTLAND CEMENT COMPANY (a Corporation), Appellant, v. WARD MOTOR CAR COMPANY et al., Respondents.

[1] LIEN—SERVICES ON PERSONAL PROPERTY—EXTENT.—The lien given by section 3051 of the Civil Code, which provides that a person who makes, alters, or repairs any article of personal property at the request of the owner·or legal possessor of the property has a lien on the same for his reasonable charges for such work done and materials furnished, and may retain possession of the same

---

1. Right to lien upon automobile for repairs or storage, notes, Ann. Cas. 1916A, 630; L. R. A. 1918D, 330.

until the charges are paid, extends only to the article upon which the work is done or for which the materials are furnished, and does not extend to anything else.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank C. Hill and Geo. S. Hupp for Appellant.

John C. Miles for Respondents.

OLNEY, J.—This is an appeal by the plaintiff from a judgment for the defendant in an action to recover possession of an automobile. There is some conflict as to immaterial facts, but none at all as to the material ones. These are:

The plaintiff purchased the car from a third person, whom we will call the vendor, and paid for it. We will assume, although there is grave question about it, that the sale was not accompanied by the immediate delivery followed by an actual and continued change of possession which section 3440 of the Civil Code requires in the case of a sale of personal property, if the sale is not to be conclusively presumed fraudulent as to creditors. The license number, however, was changed, a new license plate attached, and the new owner's certificate of registration put in the car. The car was then turned over to the defendant to make some repairs upon it. These were made at a cost of $128.24. Against this was a credit of forty dollars which the defendant had received for some old tires which were on the car and which he had sold pursuant to instructions to do so. The defendant was also doing work on certain other cars belonging to the vendor, and the bill for this work was $240.20. When the repairs upon the plaintiff's car were complete, and he went to the defendant to secure it, the defendant insisted that he be paid not only for the work on that car but also for that on the others. The plaintiff thereupon tendered the defendant the cost of the repairs on his car less the forty dollars received for the tires, and demanded possession, which was refused. The present action followed.

The justification which the defendant urges for his refusal to give possession is that he was a creditor of the vendor, and the sale was void as to the vendor's creditors under section 3440 of the Civil Code mentioned. But the section, while avoiding sales as to creditors not accompanied by an immediate and continued change of possession, does not give a creditor any greater rights against the vendee in the case of such a sale than he would have against his debtor, the vendor. This goes almost without saying. The defendant, therefore, in the present case could justify his refusal to give up possession of the car only in case he had a lien upon it, not only for the repairs made to it, but also for those made to the other cars. The court found that the vendor had instructed the defendant to hold the car' as security for his indebtedness, that is, found in effect a pledge, but this finding is without support in the evidence, as is practically conceded. In the absence of a lien by agreement, a pledge in effect, the only lien which the defendant could have was one under section 3051 of the Civil Code, which provides that "a person who makes, alters, or repairs any article of personal property, at the request of the owner, or legal possessor of the property, has a lien on the same for his reasonable charges for the balance due for such work done and materials furnished, and may retain possession of the same until the charges are paid." [1] But the lien so given extends only to the article upon which the work is done or for which the materials are furnished, and does not extend to anything else. (6 Corpus Juris, p. 1134, sec. 82.) The defendant had a lien in this case for work done on the plaintiff's car, but he did not have any for the work done on the other cars. It may possibly be that under some circumstances where work is done on several different articles for the same person under the same arrangement, the different articles will be considered as but one as between the parties, so that a single lien for all the work covering all the articles will arise. But such is not the case here. The work on the plaintiff's car was done as a separate and distinct job, and in fact was separately charged against the plaintiff and not against the vendor. The defendant then had a lien only for that work. Against the amount of this lien was the credit for forty dollars received by the defendant from the sale of the old tires on the car. The balance

he was tendered by the plaintiff, who thereby discharged the lien (Civ. Code, sec. 1504; *Loughborough* v. *McNevin,* 74 Cal. 250, [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773]), and became entitled to possession.

Judgment reversed.

Shaw, J., and Lawlor, J., concurred.