Argued at Pendleton May 3, affirmed June 8, rehearing denied July 19, 1921.

## STILWELL v. McDONALD ET UX.

(198 Pac. 567.)

**Animals—Replevin Lies to Enforce Agister's Lien.**

1. Under Sections 10227, 10229, Or. L., replevin lies to recover possession of cattle wrongfully taken from one who has a right to retain possession of them for the satisfaction of his lien for pasturing them.

**Animals—Agister's Lien Waived by Contract.**

2. Under Section 10229, Or. L., the right to a lien for pasturage may be waived, and is waived and defeated by a pasturage contract providing that the owner of the cattle may remove them from the premises at any time at his option.

**Animals—Complaint Held not to Show Rescission of Waiver of Agister's Lien.**

3. In action of replevin to recover possession of cattle, the right to possession of which was claimed under a lien for pasturage under Section 10227, Or. L., plaintiff did not show such performance of the pasturage contract by him as entitled him to rescind it, and thereby escape the effect of a waiver of such lien in the contract where, instead of averring due performance generally, under Section 88, he alleged merely that he pastured the cattle, without stating his performance of other provisions of the contract, such as looking after and salting the cattle.

**Contracts—Rescission Denied Defaulting Party.**

4. One may not rescind a contract on which he is in default.

**Animals—Complaint to Enforce Agister's Lien Held Defective in Describing Cattle.**

5. In action of replevin to recover possession of cattle, the right to possession of which was claimed under a lien for pasturage under Section 10227, Or. L., complaint *held* defective, in that the description of the cattle was too indefinite to support a judgment.

From Union: J. W. Knowles, Judge.

In Banc.

Admittedly, the plaintiff and the defendant Lida McDonald made the following contract, which they signed:

"This agreement, made and entered into this 13th day of March, 1919, by and between F. E. Stilwell, party of the first part, of La Grande, Oregon, and Lida McDonald, party of the second part, of Pendleton, Oregon,

"Witnesseth: The party of the first part, for and in consideration of the sum of $5 per head for the season of 1919 for one hundred twenty-five head of cattle, commonly known as beef cattle, and $4 per head for one hundred and twenty-five head of cattle, commonly known as stock cattle, suckling calves gratis, agrees to furnish pasture for said designated cattle for the season of 1919 on the ranch belonging to F. E. Stilwell, commonly known as the T. L. Ranch, consisting of about 3,000 acres about 8 miles west of La Grande.

"Party of the first part agrees to properly look after the said cattle and furnish salt for the same during the season of 1919.

"Party of the second part has the right to add fifty more head of horses or cattle under the same conditions as above stated.

"Party of the second part has the right to remove any of said cattle or horses from the said premises at any time at his option.

"The party of the first part hereby acknowledges the sum of $300 in hand paid, the balance to be paid the first day of August, 1919.

"The party of the first part assumes no responsibility for theft or loss of any of said cattle or horses, while in his possession.

"In case the party of the second part does not put on more than two hundred and fifty head, party of the first part agrees not to put on more than fifty additional head of stock.

"Dated at La Grande, Oregon, this 13th day of March, 1919."

The only allegation of performance of the contract on the part of the plaintiff is as follows:

"That by virtue of this contract, the plaintiff did pasture thereon, and within the inclosed premises of plaintiff, a large number of defendant's said cattle during the said season, to wit, about 304 head of which a large number, to wit, 152 head, were of the description described in the said contract as beef cattle, and that a large number thereof, to wit, 152 head, were of the description described in the said contract as stock cattle."

. It is charged in the fourth amended complaint that by reason of the pasturage the defendants on August 1, 1919, were indebted to the plaintiff in the sum of $1,368, of which only $690 had been paid, leaving a balance of $678 unpaid. It is averred that the defendants did not pay this balance on August 1, 1919, and that prior to October 11, 1919, on which latter date the plaintiff was pasturing and had in his possession 152 head of said cattle, he notified the defendants that

"said contract of pasturage was broken and that he was so holding possession of said cattle for the purpose of securing his reasonable charges for said pasturage and of preserving and holding his lien upon said cattle for such reasonable charges for such pasturage."

The amount mentioned is said to be a just and reasonable charge for the pasturage of the cattle.

It is then alleged that on October 11, 1919, in Union County, Oregon, while the balance of $678 remained unpaid and after notification by the plaintiff that he was holding the cattle as under a lien, the defendants forcibly and wrongfully took said cattle from plain-

tiff's possession within said county, and further, that ever since said time the plaintiff has been and is entitled to the immediate possession thereof. The cattle are valued at $1,200, and the complaint states that

"defendants still, at the date of the bringing of this action, wrongfully withheld and still withhold and retain in Union County, Oregon, said cattle from the possession of said plaintiff, all to his damage in the sum of $700."

The Circuit Court sustained a general demurrer to this complaint, and as the plaintiff refused to plead further, the action was dismissed; wherefore the appeal by plaintiff.        AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. George T. Cochran.*

For respondents there was a brief over the name of *Messrs. Crawford & Eakin.*

BURNETT, C. J.—Under Section 10227, Or. L., "any person who shall depasture or feed any * * livestock," at the request of the owner or lawful possessor thereof, shall have a lien upon such property for his just and reasonable charges for the labor, care and attention he has bestowed, and the food he has furnished, and he may retain possession of such property until such charges are paid. By the following section, a procedure for enforcing the lien is prescribed. In Section 10229 it is enacted that "the provisions of the last three sections shall not interfere with any special agreement of the parties."

1-4. It may well be conceded that replevin is a possessory action and that if personal property is

wrongfully taken from one who has a right to retain that possession for the satisfaction of a lien which he has upon the property, he may retain replevin to recover that possession. *Reinstein* v. *Roberts,* 34 Or. 87 (55 Pac. 90, 75 Am. St. Rep. 564), is a typical case of this kind. It is competent, however, for parties to waive their rights to a lien under the statute. Indeed, legislative utterance has been given to this principle in Section 10229, Or. L., *supra.* It is especially provided in the contract that the "party of the second part has the right to remove any of said cattle or horses from the premises at any time at his option." This clause defeats the right of the plaintiff to retain the possession of the cattle, unless the complaint states facts enough to warrant us in disregarding the contract. In other words, it is incumbent upon the plaintiff to show not only a right to rescind the contract, but also that it has actually been rescinded. The plaintiff does not state generally that he has duly performed the contract on his part, as well he might under Section 88, Or. L., but contents himself with saying that he pastured the cattle. The other clause of the contract, to the effect that he was to look after them properly and furnish salt for them during the season of 1919, receives no attention from the pleader. No party has a right to an action on the contract unless he himself has performed it or has been prevented from full performance by some act or default of the other party. By a parity of reasoning, he has no right to rescind a contract upon which he is in default. By failing to aver his complete performance of the contract, the plaintiff does not disclose a condition which entitles him to sweep aside the contract and regard it as destroyed. The clause relating to

the right of the second party to remove the stock from the premises at any time at his option, remains unimpaired, for all that appears in the complaint. The conclusion is that the defendants have a contractual right to take possession of the cattle, and hence no wrong has been committed against the plaintiff which he is entitled to redress by replevin.

5. Another objection to the complaint, urged by the defendants, is that the description of the cattle is so indefinite as to afford no foundation for a judgment. If the plaintiff would recover a judgment in replevin, he must in his complaint formulate a description of the property sought to be replevined which carried into the judgment and thence into the execution will enable the officer enforcing the writ to identify the chattels. The writ must be founded upon a valid judgment. The judgment in turn cannot be more comprehensive in its scope than the complaint upon which it is founded. *Guille* v. *Wong Fook,* 13 Or. 577 (11 Pac. 277), is a leading case on the subject here involved. There, the plaintiff sought to replevin "68 head of hogs on the macadamized road in said county, on the place formerly kept by Wong Hin Soon." This description was characterized by the court as very indefinite. The verdict, however, was "for the immediate possession of that portion of property described in the complaint, to wit, 49 hogs." It was there held that the verdict was not sufficient to support a judgment, owing to the indefiniteness of the description. Here, the complaint states that the plaintiff pastured 304 head of cattle. True enough, he says that 152 were beef, and an equal number stock cattle; but he says that on October 11th, the date of the taking, the plaintiff had in his possession 152

head of said cattle. Whether this latter number referred to stock or beef cattle is not stated. The description would apply equally to steers, cows, yearlings, two year olds or any other of the cattle on a thousand hills. Under the authority of *Guille* v. *Wong Fook, supra,* the description is so indefinite as not to support replevin. Which 152 head of cattle out of the larger number of 304 were intended by the pleader cannot be determined from the complaint. The defect in the description therein contained is fundamental, and unless the property is so described in the initiatory pleading that one taking the description could be able to identify the property with reasonable certainty, the judgment and the consequent writ would be defective.

The demurrer was properly sustained, and the judgment is affirmed.

AFFIRMED. REHEARING DENIED.

BEAN, J., concurs in the result.