Argued June 28, reversed and remanded October 3, 1922.

McCANN *v.* OREGON SCENIC TRIPS CO. ET AL.

(209 Pac. 483.)

**Action—Distinction Between Law and Equity Still Maintained.**

1. The distinction between actions at law and suits in equity is still maintained in Oregon.

**Courts—Circuit Court Held to have Jurisdiction of the Subject Matter, Whether Proceeding was Action for Goods Sold or Suit to Foreclose Lien.**

2. The Circuit Court had jurisdiction of the subject matter of a proceeding, whether it was an action for the price of tires, tubes and automobile accessories sold and delivered, or a suit to foreclose a lien on the automobile truck for which they were supplied.

**Appearance—General Appearance Gives Jurisdiction of Person.**

3. The Circuit Court had jurisdiction of defendant's person where he appeared generally in the case.

**Judgment—Demurrer, Though not Well Taken, Sufficient to Prevent Judgment for Want of Answer.**

4. A demurrer, though not well taken, amounted to an answer preventing a judgment or decree for want of answer.

**Appeal and Error—Insufficiency of Facts Alleged to Constitute Cause of Suit may be First Urged on Appeal.**

5. A defendant answering by demurrer not well taken, and appealing after the demurrer was overruled, may urge for the first time in the Supreme Court that the complaint does not state facts sufficient to constitute a cause of action.

**Livery-stable and Garage Keepers—No Personal Decree Against Defendant When There was No Personal Obligation for the Debt.**

6. Under Section 422, Or. L., no personal decree in equity could be rendered against defendant in a suit to foreclose a lien on an automobile truck for the price of tires and accessories furnished for use on such truck, where no promissory note or other personal obligation for the debt was shown.

**Bailment—One Who Would Enjoy Benefit of Statutory Lien must Bring Himself Within Terms of Statute.**

7. Liens, such as that created by Sections 10272, 10273, Or. L., giving a lien to one expending labor, skill or materials upon any chattel at the owner's request, are creatures of the statute which extend the common-law lien, and one who would enjoy the benefit of the law must bring himself within its terms.

**Livery-stable and Garage Keepers—Complaint to Enforce Lien Insufficient When It Does not Appear Labor, Skill and Materials Supplied Within County or State.**

8. In a suit to foreclose a lien under Sections 10272 and 10273, Or. L., for labor, skill or materials expended upon an automobile, the complaint is insufficient to constitute a cause of suit where neither the complaint nor the notice of lien shows that the labor, skill or materials were expended within the county where the notice was filed, or even within the state.

**Judgment—Not Rendered as in Action at Law Where Case Brought and Tried as Suit in Equity.**

9. Where the complaint was drawn, the cause tried, and the issue raised by defendant's demurrer for want of facts sufficient to constitute a cause of action was heard and determined, and a decree rendered on the theory that the proceeding was a suit in equity to foreclose a lien, judgment will not be entered as in an action at law for goods sold and delivered until defendant is afforded an opportunity to try the controversy as an action at law.

From Clatsop: JAMES A. EAKIN, Judge.

REVERSED AND REMANDED.

Department 1.

For appellant there was a brief over the names of *Mr. M. B. Meacham* and *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Meacham.*

For respondent there was a brief and oral argument by *Mr. James L. Hope.*

BURNETT, C. J.—After stating the corporate entity of the defendant, the complaint proceeds as follows:

"2. That heretofore and between the 8th day of August, 1920, and the 27th day of August, 1920, the said plaintiff sold and delivered to the above-named defendant, Oregon Scenic Trips Co., certain goods, wares and merchandise, consisting of automobile tires and accessories of various descriptions, and performed certain services in and about the hereinafter described automobile, all at the agreed and reasonable price of $478.14.

"3. That the said tires, tubes and automobile accessories so sold and delivered to the said defendant, Oregon Scenic Trips Co., by said plaintiff, *was* so sold and so furnished the said defendant to be used, and which to plaintiff's information and belief were used, on that certain United States automobile truck, bearing Oregon license for the year 1920 number 80087, and bearing motor number 3781–20, and that said services so rendered by said plaintiff for said last above mentioned defendant were performed and rendered in and about said last described automobile truck.   That no part of the said $478.14 has been paid and that there is now due and owing to this plaintiff from said last named defendant the said sum of $478.14.

"4. That said defendant, Oregon Scenic Trips Co., was on the dates heretofore mentioned the owner or reputed owner of the said above described automobile truck, and that at the time said merchandise was so sold and said services so performed the said last named defendant was in possession and control of said last described automobile truck.

"5. That the above named plaintiff duly filed as required by law, his claim for lien for the amount due and owing him as aforesaid by said defendant in the office of the county clerk in the county of Clatsop, state of Oregon, on the 6th day of October, 1920, and within sixty days from the date of the sale and furnishing and delivering of said automobile tires and

accessories to said defendant, and the rendering of said services to said defendant, which claim for lien so filed was duly signed by claimant, and contained the name of the owner, or reputed owner, of said automobile truck and a description of said automobile sufficient for identification, upon which and for which the said plaintiff so sold and delivered said automobile tires and accessories and services so performed, and the amount for which the said lien was claimed and the dates upon which said materials and services *was* started to be so sold and delivered, and which notice was verified by said plaintiff and contained all other material facts in relation thereto, a copy of which notice of lien is hereto annexed and made a part of the complaint and marked Exhibit 'A.'

"6. That there is now due and owing said plaintiff for said automobile tires, tubes and accessories so sold and delivered the said defendant, Oregon Scenic Trips Co., and for said services performed, the said sum of $478.14, and that said last named defendant has refused to pay the same, and said plaintiff has a good and valid claim for lien upon the above described automobile truck."

The pleading closes with the general assertion that the defendants Henry and Rose have some claim against the automobile in question in the nature of a chattel mortgage and that $100 is a reasonable amount to be allowed the plaintiff for attorney's fees in the foreclosure of the lien. Another count as to another automobile is inserted in the complaint in identical terms except as to amount and description.

The defendant demurred to the complaint on the following grounds:

"That the court has no jurisdiction of the person of these defendants, or either of them, or of the subject of the action.

"That the complaint does not state facts sufficient to constitute a cause of action."

The court overruled the demurrer and afterwards, the defendant refusing to plead further, rendered a personal decree against the defendant for the amounts claimed and for attorney's fees, declared a lien upon the automobile and decreed a foreclosure thereof, ordering a sale under the decree.

On appeal the defendant urges the following errors:

"That the court erred in overruling defendants' demurrer to plaintiff's complaint.

"That the court erred in entering its judgment and decree against defendant Oregon Scenic Trips Co. on said complaint, for the reason that said complaint does not state facts sufficient to constitute a cause of suit against said defendant."

1. We may view this proceeding either in the aspect of an action at law or else as a suit to foreclose a lien under Sections 10272 et seq., Or. L., for the distinction between actions at law and suits in equity is still maintained in Oregon.

2. The demurrer may be disregarded as to the first assignment, because the Circuit Court had jurisdiction of the subject of the action in that it had a right to try the kind of proceeding, whether it be an action or a suit.

3. It likewise had jurisdiction of the person of the answering defendant because it appeared generally in the case. The complaint contains enough matter in the second and third paragraphs to sustain a cause of action for goods sold and delivered, the obligation of the defendant to pay for them being one implied by law. It is not an express agreement or a personal obligation of the defendant. The pleading, therefore, did contain a sufficient statement of a cause of action, and the demurrer, contending that it did not, was properly overruled. Considering the proceedings as an action at law, the court was authorized on the

defendant's refusal further to answer, to render a judgment at law for the face of the claim, but without additional sums as attorney's fees.

4, 5. The deliverance of the court is not a judgment or decree for want of answer. The defendant did answer by demurrer, tendering an issue of law. However ill founded its contention, the pleading on its behalf does amount to an answer. It appealed and in this court has the right to urge for the first time that the complaint does not state facts sufficient to constitute a cause of suit. That question is before us for decision, if we contemplate the proceeding as a suit to foreclose a lien.

6. The general statute relating to the foreclosure of liens upon real or personal property, Section 422, Or. L., provides that "in such suit in addition to the decree of foreclosure and sale, if it appear that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also decree a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary decree for the recovery of money." It does not appear that any promissory note or other personal obligation for the debt here involved was given by anyone. For want of this, there can be no personal decree in equity against the defendant, as distinguished from a law judgment. Treating the matter as a suit to foreclose a lien, all that could be accomplished, if the case were well pleaded, would be to ascertain the amount of plaintiff's claim and impose upon the property a lien to that extent, authorizing a sale of the property only, for the satisfaction

of the lien, without any personal judgment against the debtor for a possible deficiency.

7, 8. The statute under which it seems the plaintiff claims a lien provides in substance that every person who expends labor, skill or materials upon any chattel at the request of its owner shall have a lien upon said chattel for the contract price for all such expenditure or for the reasonable worth thereof, notwithstanding the fact that the possession of the chattel has been surrendered to the owner. It is further laid down that "in order to make such lien effectual, the lien claimant shall within sixty days from the date of such delivery of such chattel to the owner thereof, or his duly authorized agent, file in the office of the county clerk of the county in which said labor, skill and materials were expended on such chattel a lien notice, which notice shall state the name of the claimant, the name of the owner," etc.: Sections 10272 and 10273, Or. L. Certain requirements for the notice are set out in the enactment. Such liens are creatures of statutes which extend the common-law lien for labor bestowed upon a chattel, and one who would enjoy the benefit of the law must bring himself within its terms. It does not appear anywhere in the complaint or in the notice of lien that the labor, skill or materials described were expended in the county of Clatsop, where the notice was filed, or for that matter even in the State of Oregon. For this reason, the complaint does not state enough to constitute a cause of suit as distinguished from a cause of action: *Campen* v. *Jamieson,* 88 Wash. 109 (152 Pac. 679).

The court, therefore, was without authority to impose a lien upon the property or to direct a foreclosure thereof. The utmost that it could do was to overrule the demurrer, treat the complaint as con-

taining enough to sustain an action at law, and render thereon a judgment.

Formerly, as stated in *Ming Yue* v. *Coos Bay R. R. Co.,* 24 Or. 392 (33 Pac. 641), it was the rule that "under the provisions of the Oregon law retaining the distinction between suits in equity and actions at law, though abolishing the difference in the forms, a complaint for the foreclosure of a mechanics' lien, which does not state a cause of suit, cannot be retained and treated as an action at law to recover money." We have seen that there is enough in the plaintiff's initial pleading to support a judgment at law, but not enough, however, to serve as a foundation for a decree in equity. We cannot turn him out of a court of law, for the reason that he has stated a cause of action at law. The aspect of his case contemplating equitable relief can well be ignored as surplusage, because of insufficiency of his complaint for that purpose. Moreover, since the decision of the Ming Yue case, Section 390, Or. L., has been amended and now contains this provision:

"No cause shall be dismissed for having been brought on the wrong side of the court. The plaintiff shall have a right to amend his pleadings to obviate any objection on that account."

The plaintiff is not complaining of the result, nor has he applied to amend his pleading.

As to the defendant, the record shows that it treated the case as an action at law by saying to the trial court in its demurrer, "The complaint does not state facts sufficient to constitute a cause of action." It stood upon the issue thus tendered, although it would not have waived its contention on the demurrer by answering over. To send the case back for further proceedings would be a disposition of it for

which neither party has asked, and would unnecessarily prolong litigation. The defendant has treated the proceeding as an action at law and has shown no cause why it should be exonerated from the determination of the Circuit Court on that theory. It is not amiss to treat the case on the basis established by the defendant's only pleading, its demurrer.

The court was right in its ruling upon the demurrer and wrong in its final deliverance to the extent of its attempt to foreclose a lien, and hence the final order of the Circuit Court ought to be modified so as to allow the plaintiff to recover the face of his claim, as in an action at law, but without attorney's fees.

9. The foregoing is the conclusion of the writer. The other members of Department No. 1, of this court, before which the cause was argued, while concurring in the ruling that the complaint does not state facts sufficient to constitute a cause of suit, dissent from the conclusion that the final order of the Circuit Court should be modified only. The contention of the writer's associates is to the effect that although the demurrer assails the complaint by declaring that it "does not state facts sufficient to constitute a cause of action," yet the complaint was drawn, the cause was tried by the attorneys and the issue was heard and determined and a decree rendered by the Circuit Court on the theory that the proceeding was and is a suit in equity; that the appellant has not had an opportunity to try the controversy as an action at law; and that a judgment as in such an action ought not to be entered against it until an opportunity is afforded to present the cause as an action at law. The opposing idea is that the defendant had its opportunity for that purpose and, as the record discloses, availed itself of it by demurring as at law, resting its

whole case on that contention by refusing to plead further, although it might then have applied to the trial court for leave to defend further either at law or in equity.

In accordance with the view of the majority, the final order of the Circuit Court from which the appeal was taken is reversed and the cause is remanded for further proceedings.    REVERSED AND REMANDED.