Submitted on briefs April 1, affirmed May 20, rehearing denied June 24, 1924.

# COVEY MOTOR CAR CO. *v.* B. A. KLIKS AND ARTHUR K. WILSON.

(225 Pac. 1097.)

**Livery-stable and Garage Keepers—Lien Notice Held to Show Services Rendered in County.**

1. In suit to enforce lien under Sections 10272, 10273, Or. L., for labor, skill and materials expended on automobile, where copy of lien notice attached to complaint stated that work was done in Portland, Oregon, in view of court's right to take judicial cognizance of territorial divisions of state, it sufficiently alleged that work was done within Multnomah County.

**Livery-stable and Garage Keepers—Complaint to Enforce Lien Good as Against General Demurrer When Showing Personal Obligation.**

2. In suit to enforce lien on automobile, though statement in lien notice attached to complaint of place where work and materials were expended was general, where complaint alleged that materials, labor and skill were expended and performed at defendant's request, and that he promised to pay named sum therefor, in view of Section 422, Or. L., general demurrer was properly overruled, as plaintiffs were entitled to recover on the personal obligation.

---

See 28 Cyc., pp. 43 (1925) Anno.), 45.

**Bailment—Lien Claimant must Comply With Statute Strictly.**

3. Claimant, under Sections 10272, 10273, Or. L., for lien given one expending labor, skill, or materials on chattel at owner's request, must comply with statute strictly.

**Livery-stable and Garage Keepers—Lien Notice Held to Sufficiently Describe Automobile.**

4. Notice, under Sections 10272, 10273, Or. L., of lien claimed on "Cadillac license 104209, motor 2293," which alleged that "storage, labor, and skill were expended on said Cadillac automobile," *held* to comply with statute as to description of chattel.

**Livery-stable and Garage Keepers—Lien Notice Filed Only in County Where Labor and Materials Expended.**

5. Where automobile on which lien, under Sections 10272, 10273, Or. L., was claimed was removed to another county, filing lien in that county was unnecessary, since lien notice must be filed in county where labor, skill and materials were expended.

From Yamhill: H. H. Belt, Judge.

In Banc.

This is a suit to foreclose a lien on an automobile owned by defendant Arthur K. Wilson. Defendants filed separate demurrers to the complaint, which were overruled. Defendants, declining to plead further, a judgment and decree was rendered for want of an answer, from which judgment the defendants appealed. Affirmed. Rehearing Denied.

For appellant B. A. Kliks there was a brief over the name of *Mr. Chas. J. Taff.*

For appellant Arthur K. Wilson there was a brief over the name of *Mr. B. A. Kliks.*

For respondents there was a brief over the names of *Mr. R. L. Conner* and *Messrs. Joseph, Haney & Littlefield.*

BEAN, J.—After alleging their qualifications, the plaintiffs state on the eighteenth day of July, 1923,

and the seventeenth day of July, 1923, they furnished material and performed labor and skill upon the following described automobile to wit: One seven-passenger Cadillac automobile. The complaint then recites the proceedings to foreclose the lien under the statute and alleges that the defendant, B. A. Kliks, has or claims to have, some interest in said automobile. A copy of the lien notice containing an itemized account of the work done, and the materials furnished upon the automobile is attached to and made a part of the complaint. After the names of the claimant and the owner of the car, the notice states, in part, as follows:

"Notice is Hereby Given, That Covey Motor Car Co. claims a lien upon Cadillac, License 104209, motor 2293 for and on account of storage furnished, labor, skill and materials, expended and performed upon and attached to the above described property, as follows":

Then follows a statement of the account, omitting the names as follows:

"Portland, Oregon * *
"July 17, 1923—charge storage battery......$ 1.00
　　　　　　　3 days' rent of battery..... .75
　95055—work on conn. rod, bearings
　　　　　　and wrist pins, grind and
　　　　　　face valves, overhaul carburetor, install valves, work
　　　　　　on motor, etc.............$96.15."

Then follows various items worded in similar manner aggregating $157.07. The notice then follows the statutory form provided in Section 10273, Or. L.

1. The lien notice is strictly in accordance with the statute but contains more than is required thereby, in this, that the place where the work was performed is stated in the notice. This is indicated in a general

way by the words "Portland, Oregon." The word "at" is not used, but it is evidently intended to mean that the work was done and materials furnished at the place named. This is accentuated by the allegation that thereafter Wilson removed the automobile to Yamhill County. Actions relating to real property, being local, are triable in the county where it is situate, and the pleading must show that the property lies in the county where the action is brought. This fact would ordinarily appear from its description: Bliss on Code Pleading, § 284. So in this case the description of the labor and materials expended on the automobile which plaintiffs charge against Wilson and the car, fairly show that the same were rendered in "Portland, Oregon" which is tantamount to saying it was in Multnomah County: 23 C. J. 83, 84, §§ 1867, 1868. If a promissory note dated at "Salem, Oregon" as set out in full in a complaint with no other allegation as to where the note was executed, and the place of execution should become material, it would seem that the note, appearing on its face to have been signed at Salem, Oregon, would be a *prima facie* showing of the place where it was executed.

It is contended by defendants that the case is covered by the opinion in *McCann* v. *Oregon Scenic Trips Co.*, 105 Or. 213 (209 Pac. 483) and that the notice of lien and complaint failed to state that the labor, skill and material described, was expended in the county of Multnomah, Oregon. "It is an elementary rule," says Mr. Justice LORD in *Marx* v. *Croisan,* 17 Or. 393, at page 402 (21 Pac. 310, 313) of the report:

"that courts of law are bound to recognize the territorial divisions of the state into counties, towns, or cities. By public law the city of Salem, is made the capital of the state and the county seat of Marion County, and the court is bound to take judicial notice

of the same. The court itself is required to hold its terms when doing judicial business in the county seat of Marion County, which is known judicially to be the city of Salem. When then the act complained of was alleged in the city of Salem, the court will take judicial notice that said city is within that county, and is its county seat."

So in this case the notice of lien being made a part of the complaint, the phrase, "Portland, Oregon" may be said to be contained in the notice of lien, and also to be contained in the complaint. And, if we take judicial cognizance of the fact that Portland, Oregon is in Multnomah County, it is tantamount to a statement that the work and materials were furnished in Multnomah County. The rule referred to by Mr. Justice LORD is sometimes invoked in criminal cases. In *State* v. *Powers,* 25 Conn. 50, Mr. Justice ELLSWORTH said:

"It is said that the complaint does not state that the offense was committed within the county of London. Stonington is the place named, and the time of committing the offense₀ is named; and although the county is not named, we can judicially take notice of that, which is sufficient."

This question is too elementary and too well established to require an extended citation of authorities. They can be found in the *Marx* v. *Croisan* case.

2. It is true that the statement of the place where the work and materials were expended on the automobile, contained in the complaint, is general. If the defendants, on account of the indefiniteness of the statement were unable to answer, their remedy was to move to make the complaint more.definite and certain. A careful examination of the record in the *McCann* v. *Oregon Scenic Trips Co.* case reveals that no place was stated, either in the notice of lien, or in the com-

plaint. There is another matter wherein the present case differs from the last case mentioned and further reason why the complaint in the case at bar was not vulnerable to a general demurrer. It is plainly alleged in the complaint that the materials furnished, and labor and skill expended and performed upon the automobile, were done upon the request of Arthur K. Wilson, the owner, or reputed owner, of the automobile; and that said Arthur K. Wilson promised and agreed to pay the sum of $157.70 therefor. It therefore appears from the pleading that defendant Wilson gave his personal obligation for the payment of the debt, and in conformity with the authority of the McCann case, and Section 422, Or. L., the plaintiffs were entitled to a decree of recovery of the amount of the debt against Wilson. Therefore, the general demurrers were properly overruled.

In the McCann case, neither the lien notice nor the complaint showed that the materials—namely, tires, tubes and automobile accessories, were expended upon the automobile, upon which the lien was sought to be foreclosed. It was therein alleged that such accessories were warranted and delivered to defendants by plaintiffs; it was alleged that certain services were "rendered" in and about said last described automobile truck, but nowhere indicated the amount of such services, which were all included with the accessories in the reasonable price of $478.14. The plaintiffs therein indicated that they believed the accessories were used upon the truck.

The facts in the McCann case differ widely from facts in the present case. Section 10272, Or. L., provides:

"Every person, firm or corporation who has expended labor, skill or materials, including automobile

tires, upon any chattel, or has furnished storage for said chattel, at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor thereof, shall have a lien upon said chattel for the contract price for all such expenditures, or in the absence of such contract price, for the reasonable worth of such expenditure for a period of one year from and after such expenditure, notwithstanding the fact that the possession of such chattel has been surrendered to the owner, or lawful possessor thereof.''

3. The complaint, in the present case, shows that the notice of lien was strictly in conformity with the notice of lien provided for in the succeeding section. The plaintiffs claim a statutory lien and the statute must be strictly complied with: *Duby* v. *Hicks*, 105 Or. 27, at page 30 (209 Pac. 156), Mr. Justice Rand records the following language:

''The lien claimed was purely a statutory lien, and the sole relief sought was its foreclosure. Being a creature of the statute, its validity depended entirely upon a substantial compliance with the terms of the statute which created it. The statute having expressly directed that certain prescribed statements must be contained in the lien notice, there could be no compliance with the statute unless those statements were contained therein. Without a substantial compliance with the statute the right to a lien was lost.''

4. It is also suggested by defendants that the decree herein is wrong and was a personal judgment against defendant Wilson. This, we have already referred to. The defendants also assert that the notice fails to state that the claimant claimed a lien upon an automobile, but instead alleges ''Covey Motor Co. claims a lien upon Cadillac license 104209, motor 2293.'' The description of the automobile upon which

the claimants have expended labor, skill and material is sufficient for identification.

5. The part of the notice not quoted, recites "that 60 days has not elapsed since said storage, labor, skill and materials were expended on said Cadillac automobile." This, we think, taken with the other designation, renders the description of the car complete and sufficient, and strictly complies with the statute as to the description of the chattel. In order to enforce the lien, under the statute referred to, it is necessary to show that the lien notice was filed in the county in which the labor, skill and materials were expended on the chattel, upon which the lien is claimed. If there had been an answer filed, putting in issue the allegations of the complaint, such fact could have been shown by testimony: *Campen* v. *Jamieson,* 88 Wash. 109 (152 Pac. 679). In that case it appears that the Washington statute required the lien to be filed in the "county in which the chattel is kept." It appeared that the property had been removed from Thurston County, Washington to Pierce County before the notice of lien was filed. The evidence failed to show that the lien was filed in the office of the auditor of the county in which the automobile was kept.

In the present case it appears that the automobile was "removed" to Yamhill County. Under our statute this did not necessitate or authorize the filing of the lien in Yamhill County. Our statute requires the notice of lien in question to be filed in Multnomah County, which embraces the City of Portland, where the material and labor were expended upon the automobile involved. We hold there was a strict compliance with the statute in order to make the lien sought to be foreclosed effectual.

111 Or.—26

There was no error of the trial court in overruling the demurrers to the complaint. The judgment is affirmed.     AFFIRMED.   REHEARING DENIED.

Mr. Justice BURNETT took no part in the consideration of this case.