Submitted on briefs September 9, affirmed October 7, 1924.

## PAT BURNS *v.* WILFORD LA FOUNTAINE.

(229 Pac. 369.)

**Bailment—Complaint to Foreclose or Notice of Lien on Chattel must Allege County Where Labor and Materials Expended and Timely Filing of Notice.**

1. In absence of averments in notice of or complaint to foreclose lien as to county in which labor, skill and materials were expended on chattel, and filing of notice within 60 days from date of delivery of chattel to owner, which are jurisdictional facts, complaint is insufficient, though notice complies with form given in Section 10273, Or. L.; such form not embodying all statutory requirements.

**Bailment—Claim of Lien on Chattel not Void Because of Nonlienable Items, Where Items are Separately Stated.**

2. Claim of lien for labor and materials expended on chattel is not void because of nonlienable items therein, where items are separately stated in notice, so that nonlienable ones may be rejected on inspection thereof.

From Marion: PERCY R. KELLY, Judge.

In Banc.
                                                    'AFFIRMED.

For appellant there was a brief over the names of *Mr. Robin D. Day* and *Mr. Bert T. Ford.*

For respondent there was a brief over the name of *Messrs. Carson & Carson.*

BURNETT, J.—This is a suit to foreclose a lien upon an autotruck for labor and materials expended thereon. After issue joined on the complaint and

answer, the case was heard before the court and at the conclusion of the plaintiff's testimony, the defendant moved to dismiss the suit on the ground that the· complaint does not state facts sufficient to constitute a suit, in that there was no allegation either that the lien notice disclosed that the work was done in Marion County, Oregon, where the notice was filed; or that the notice was filed within 60 days after the delivery of the chattel to the owner thereof; and lastly, that the lien is void for the reason that the notice includes a number of nonlienable items. The trial court sustained the motion and dismissed the suit. The plaintiff appealed.

The solution of these questions depends upon the notice of lien, which is as follows, omitting the verification and signatures:

"Notice is hereby given that Pat Burns claims a lien upon one Bethlehem Truck, bearing Oregon 1923 License Number T–121244, for and on account of labor, skill, and materials expended upon said above described property. The name of the owner or reputed owner of said Bethlehem Truck is Wilford LaFauntine. That said labor, skill, and material was expended upon said property on and between November 1st 1923 and November 26th 1923, and that the rendition of the labor, skill and materials so expended by the claimant was closed. on the 26th day of November, 1923 and that sixty days have not elapsed since that time. That the amount claimant demanded for said labor, skill, and materials so expended is the sum of $74.84 and that no part thereof has been paid, save and except the sum of $10.00 and there is now due and remaining unpaid thereon after deducting all just credits and offsets, the sum of $68.84 in which amount claimant claims a lien upon said property, and that a Bill of Particulars of said labor, skill and materials is hereto attached marked 'Exhibit A' and made a part of this lien."

The bill of particulars appended contains some lienable and some nonlienable items, separately stated.

1. The notice, so far as the form thereof is concerned, complies with the form given in Section 10273, Or. L. Nowhere, however, in the complaint or in the notice does it appear in what county the labor, skill and materials were expended upon the chattel. Neither is it disclosed that the notice was filed within 60 days from the date of the delivery of the chattel to the owner. These are jurisdictional facts, for want of which the complaint does not state facts sufficient to constitute a cause of action. These must appear by averment in some form or other: *McCann* v. *Oregon Scenic Trips Co.,* 105 Or. 213 (209 Pac. 483). Not all of the requirements of the statute are embodied in the form of notice. A later case is that of *Covey* v. *Kliks,* 111 Or. 394 (225 Pac. 1097), where it was urged that there was nothing to show that the notice of lien was filed in the county in which the labor and materials were furnished. The opinion of Mr. Justice BEAN rescued the complaint from the effect of that suggestion by pointing out that the statement of account contained "Portland, Oregon," and holding that this expression in the date line of the bill of items was sufficient to show that the work and materials were furnished at Portland, which the court would take judicial notice is in Multnomah County. Not even that slender support appears in the record in the instant case. See, also, *Duby* v. *Hicks,* 105 Or. 27 (209 Pac. 156).

2. The objection that claim of lien is void because it contains nonlienable items is not well founded because the items are separately stated so that on inspection of the notice, the nonlienable items may be rejected. It is not a lumping charge. The prece-

dents on this point are collated by Mr. Justice RAND in *Christman* v. *Salway*, 103 Or. 666 (205 Pac. 541).

The decree of the Circuit Court dismissing the suit is affirmed.                                     AFFIRMED.