Argued November 14, 1928, affirmed January 8, rehearing denied February 19, 1929.

## JACK FLETCHER ET AL. *v.* SOUTHERN OREGON TRUCK CO. ET AL.

(273 Pac. 329.)

For appellant there was a brief and oral arguments by *Mr. Robin D. Day* and *Mr. Roy F. Shields.*

For respondent there was·a brief over the name of *Mr. E. Earl Feike,* with an oral argument by *Mr. Robert R. Rankin.*

ROSSMAN, J.—This is a suit to establish and foreclose a lien upon an automobile truck; it is claimed by virtue of Section 10272, Or. L. The plaintiff prevailed in the court below. The Marion Automobile Company, which was interested in the truck as conditional vendor, has appealed; it submits for our consideration two assignments of error. In the one, it contends that the lien notice filed by the plaintiff is insufficient in that it did not contain a description of the property sufficient for identification; in the other, it contends, that the plaintiffs were not en-

titled to a lien because the transaction out of which their claim of indebtedness arose was a mere sale of merchandise according to appellant's contentions, and not an expenditure of labor or materials upon the truck within the meaning of the above section of our laws.

The lien notice stated, that the plaintiff claimed a lien "upon one 1926 White Motor 11829" on account of labor, skill and materials expended and performed upon it, "as follows: tires, tubes, hubs and wheels," and that the name of the owner "thereof is Southern Oregon Truck." In another portion of the lien notice the latter name appears as "Southern Oregon Truck Line." At some time another document in the nature of a bill of particulars became attached to this lien notice; this latter document supplies the following additional descriptive material: "1926 license 89625 Motor 11829, 1925 White." The evidence does not satisfy us that this bill of particulars was attached to the lien notice when the latter was filed with the county clerk; hence, we shall ignore it in determining whether the description of the truck in the lien notice was sufficient to satisfy the requirements of Section 10273, Or. L., which provides that the lien notice "shall contain * * a description of the chattel, sufficient for identification. * * "

1–3. In the determination of the issue, we believe that the following general rules are applicable: the lien notice should be construed as a whole, that is, information descriptive of the property contained in any portion of that document is available for the purpose of identifying the property: *Acme Lumber Co.* v. *Modern Construction Co.,* 214 Mich. 357 (183 N. W. 192); *Sautter* v. *McDonald,* 12 Wash. 27 (40 Pac. 418). Next it seems to us that we are justified

in bearing in mind the common observation that these lien notices ordinarily affect only those who are engaged in, or identified with, the trade or business out of which such liens arise. Thus, the individual to whose attention there comes a lien notice, does not peruse it with a blank mind, but he has had some experience in the affairs of that business, which should assist him in understanding its contents. It is said that these statutes contemplate that the lien claimant will prepare his own notice, and that, therefore, the courts are reluctant to defeat a claim by reason of a loose description of the property: 40 C. J., Mechanics' Liens, § 263. If the lien notice described the property as one White truck, motor No. 11829, it seems to us that all interested would be afforded sufficient notice to enable them to guard their affairs. Such a description would be the equivalent of that approved in *Covey Motor Car Co. v. Kliks,* 111 Or. 394 (225 Pac. 1097), with the exception of its omission of the license number. We believe that other recitals of the lien statement supply the information that the object upon which the lien was sought was a motor vehicle of the type of a truck. Thus, the fact that a tire dealer claimed a lien upon property of a truck company would be persuasive in that direction. Another factor is the character of the merchandise supplied: tires, tubes, hubs and wheels. All of these facts point out the object which was the recipient of the service as a vehicle of some sort. Next, the fact that the tire dealer claimed $1,379.90 for the installation and supplying of "tires, tubes, hubs and wheels" for one vehicle owned by a truck company would readily cause anyone to infer that the vehicle must be a truck. He would be especially persuaded to this conclusion when he re-

verted to the fact that the object was "one 1926 White Motor 11829." It is a fact, so well known that we may assume that laymen generally are familiar with it, that White motor trucks constitute one of the most popular makes of vehicles of the heavy duty type. These facts render it reasonably certain that the lien notice refers to a White truck. Adding significance to the above is the numeral 1926 appearing before the word White: the two used in that manner were evidently intended to indicate that the White truck was a 1926 model. The numeral appearing after the word "motor" makes it possible to ascertain the precise White vehicle upon which the claimant sought a lien. While we can readily imagine a description more complete and lawyer like, yet we do not feel justified in declaring ineffective this lien for that reason only, 40 C. J., page 207, especially since it did not mislead anyone.

4. We do not believe that the evidence supports appellant's contention that this transaction consisted of a sale of personal property, as distinguished from the act of furnishing a combination of service and materials. The transaction consisted of the removal of solid tires from a large truck and supplying in their stead new wheels, hubs, tires and tubes.

Before this change could be effected an employee of the plaintiff, skilled in that matter, determined the appropriate size, type and strength of the new tires. A knowledge of tires and of trucks was essential in making these calculations, because of the effect upon the truck of increasing its wheel diameter through this change of tires. Pneumatic tires are larger than solid rubber tires, and thus cause a change in the gear ratio, necessitate a change in the brake-drum, and in the hubs. They may also affect

the body clearance. Before these calculations were made the plaintiff weighed the truck, and after they were made observed the action of the tires and wheels upon some occasions when one of its representatives accompanied the truck. To install the tires and wheels and perform the other work incident thereto required portions of two days. The physical labor was performed by employees of the owner of the truck; the latter were supervised and augmented by the aforementioned skilled employee of the plaintiff, who was assisted by another, supplied to the plaintiff by a second company associated with it in the transaction. We thus find that this was something more than a mere sale of merchandise; the latter was useless to the one who ordered it, without the expert service of an employee of the plaintiff, who directed how it should be installed and assisted in the doing of the work. These findings render it unnecessary for us to determine whether one who supplies merchandise but furnishes no labor or skill, may claim a lien. We also believe that the evidence warrants a finding that the plaintiff had possession of the truck when it supplied the foregoing items. It is true that the work was performed upon the premises occupied jointly by the defendant and another, yet the evidence establishes that the plaintiff was given possession of the truck so that it might perform this service.

It follows from the foregoing that the decree of the lower court is affirmed; the plaintiff may have its costs and disbursements expended in this court.

AFFIRMED. REHEARING DENIED.

COSHOW, C. J., and RAND and McBRIDE, JJ., concur.