Submitted on briefs March 26, affirmed July 16, 1929.

COAST ENGINE & MACHINE WORKS, a CORPORATION, v. A. J. BARBEE ET AL.

(279 Pac. 264.)

162

For appellants there was a brief over the name of *Mr. L. A. Wells.*

For respondent there was a brief over the names of *Mr. Everette I. Adcock* and *Messrs. Ganoe & Ganoe.*

COSHOW, C. J.—■ Defendant Barbee not having appealed is conclusively presumed to be satisfied with the judgment and decree. He will not be affected by this opinion.

■ The statute requires:

"A description of the chattel, sufficient for identification." Or. L., § 10273.

The lien, being one to protect the laborer who has expended labor and furnished material for the benefit of the owner of the chattel should be liberally construed. The lien is statutory and the lien claimant must substantially follow the statute in order to get the benefit of the lien. An exact or faultless description will not be required but the description must be sufficient to identify the article upon which the lien is claimed: *Guille v. Wong Fook*, 13 Or. 577 (11 Pac. 277). Construing the lien with the exhibits "A" and "B" and thus giving to plaintiff the benefit of the

notice of the lien, the bill of particulars and the description in the complaint, it. is our opinion that the description is sufficient. All of the descriptions together describe the trailers as two Holt Caterpillar Logging Trailers (about 10 ton cap.) and the tractor as one Holt Caterpillar Tractor. The demurrer admits every allegation in the complaint including the exhibits. Ten-ton trailers and Caterpillar tractors are not common or ordinary articles. We will not presume that defendant Barbee had other such machines. The machines are described as being owned by defendant Barbee. They are the trailers and tractors belonging to and reputed to belong to defendant Barbee. The description, though meager, identifies the chattels: Phillips on Mechanics' Liens, pp. 668–69, § 378; *Stilwell* v. *McDonald et ux.*, 100 Or. 673, 678 (198 Pac. 567); *Covey Motor Car Co.* v. *Kliks et al.*, 111 Or. 394, 400 (225 Pac. 1097); *Fletcher* v. *Southern Oregon Truck Co.*, 128 Or. 353 (273 Pac. 329), decided Jan. 8, 1929.

■ The appealing defendants also contend that each particular trailer and the tractor is liable to a lien for the material and repairs placed upon that particular machine. Defendants argue that two of the trailers are owned by one appellant and the tractor is owned by the other. Appellants contend that defendant Rahotte-Winter, Inc., does not want to pay for the repairs done on the tractor, for it has no interest in the tractor and defendant H. J. Armstrong Co. does not want to pay for the repairs on the trailers because it has no interest in them. Since the work was done under one contract and at the same time for the same owner, plaintiff is entitled to a lien on all three of the articles. The work having

been done on the three as a unit plaintiff is not required to segregate the repairs and material furnished for each machine separately. Appellants rely on the case of *Golden State Portland Cement Co.* v. *Ward Motor Car Co. et al.,* 185 Cal. 402, 197 Pac. 56. That case recognizes that one notice of lien based on one contract might be sufficient to sustain the lien on several chattels. It depends upon the circumstances and nature of the contract and work.

■ Appellants also complain because the complaint states that only a part of the tractor was put in possession of plaintiff. We think that plaintiff is entitled to a lien on the entire tractor even if only a part thereof was brought to him for mending or repair: See *Hiner* v. *Pitts,* 89 Or. 602, 603 (175 Pac. 133); *Duby et al.* v. *Hicks,* 105 Or. 27, 45 (209 Pac. 156), and cases there cited; *Ross* v. *Spaniel et al.,* 122 Or. 424, 439 (251 Pac. 900, 259 Pac. 430.)

Decree affirmed.                                              AFFIRMED.