[No. 12863.  Department One.  November 12, 1915.]

FRED CAMPEN, *Respondent*, v. R. W. JAMIESON, *as Sheriff, Appellant*.[1]

LIENS—CHATTEL LIENS—FILING — COUNTY — SITUS OF PROPERTY— EVIDENCE—SUFFICIENCY. Under Rem. & Bal. Code, § 1155, providing that a chattel lien shall be ineffectual unless a proper notice of lien is filed in the office of the auditor "of the county in which the chattel is kept," a lien for labor and materials upon a logging truck completed and delivered at O. in T. county in May, and then delivered for transportation, is not established by proof of the filing of the lien notice in T. county on August 20th, which, on about that day, was sent with proof of its filing, to the sheriff of P. county, where the truck had been for some time, there being no evidence that the truck was in T. county at the time the notice was filed, and no filing of the notice in P. county.

LIENS — CHATTEL LIENS — FILING — NECESSITY — VALIDITY AS BETWEEN PARTIES—BONA FIDE PURCHASERS. A chattel lien for labor and materials upon a logging truck is not good, as between the parties, unless it is filed in the county where the truck was situated at the time the notice of lien was filed, as required by Rem. & Bal. Code, § 1155; and § 1154, providing that no such lien shall continue as to third persons acquiring an interest with notice, after delivery of the chattel to the owner, merely means that a chattel lien does not relate back to the time of delivery, as against other *bona fide* lien holders.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered January 14, 1915, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

[1]Reported in 152 Pac. 679.

*J. A. Sorley,* for appellant.

*Sachse & David,* for respondent.

CHADWICK, J.—On May 23, 1914, one J. O. Kingrey completed and turned over to respondent at Olympia, in Thurston county, a certain logging truck. The amount of his charge for material and labor was $117.50. On August 20, 1914, Kingrey filed a notice of lien under Rem. & Bal. Code, § 1155 (P. C. 309 § 165). The notice was filed in Thurston county. It may be fairly inferred that, on or about August 20th, local counsel sent the lien notice, with evidence of its filing, to a firm of attorneys in Pierce county with directions to foreclose the same. A notice of sale was prepared by the sheriff of Pierce county, appellant here, and the property was taken by him. The property was taken from the possession of the respondent at Herron, in Pierce county. It was loaded on a scow, which sunk while being towed from Herron to Tacoma.

Respondent brought this action to recover the value of the truck. Appellant, answering, pleaded his warrant under the notice and sale statute as it pertains to the foreclosure of chattels (see Rem. & Bal. Code, §§ 1157, 1104, 1106; P. C. 309 § 169; 349 §§ 11, 15), and as an offset against any judgment that might be rendered, the amount owing by the respondent to Kingrey. After a trial upon the merits, judgment was rendered in favor of respondent for the sum of $266, the value of the truck, and further, that respondent pay to Kingrey, out of any sum paid upon said judgment, the sum of $117.50. From this judgment, an appeal is prosecuted.

The first, and as we view the record, the controlling point of difference between the parties, is whether there was in fact any lien. If there was not, appellant was without warrant, however regular the subsequent proceedings may have been. After a careful review of the record and consideration of the statute, and contrary to our first impressions, we are impelled

to hold that Mr. Kingrey did not, at the time of the attempted foreclosure, have a valid lien upon the property.

The statute provides that a lien filed under chapter V. of the code shall not be effectual unless a proper notice of lien is filed in the office of the auditor "of the county in which the chattel is kept." There is no evidence that the property was in Thurston county at the time the lien notice was filed. Every inference to be drawn from the record is that it was not. When the work was completed, the truck was taken by draymen to be loaded upon a steamboat for transportation. There is also some evidence that the truck had been in use in the woods at the place where taken for some time before the taking. The lien was not filed in Pierce county.

We had inclined to the belief that the lien would nevertheless be good as between the parties without reference to its record or its situs at the time the lien was filed, but the statute does not say that it shall not be effectual as to third parties, but .that it shall not be effectual at all unless recorded in the county where the property is "kept," which must be held to be "situate." The words "in order to make such lien effectual" are equivalent to the words "shall not exist," and "no materialmens' lien shall be enforced unless, etc.," as found in the mechanics' and materialmen's lien statutes.

Keeping in mind that such liens are given by statute, and are subject to all express conditions, and that the fixing of the time and manner of filing liens are provisions for the protection of the party charged against false claims, we have consistently held these conditions to be mandatory.

Appellant contends, however, that the proviso to § 1154, which is as follows: "Provided however, that no such lien shall continue after the delivery of such chattel to its owner as against the rights of third persons who may have acquired an interest in, or the title to, such chattel in good faith, for value, and without actual knowledge of the lien," must be ·read in connection with § 1155, and that the lien must be

held to be good as between the parties.    To so hold would give life to an instrument that the legislature has said shall be without effect unless it is filed at the proper place and within the time limited.

The evident meaning of the proviso is that a lien, although filed in the time limited and in the proper county, shall not take precedence over the claims of those who have acquired an interest therein while the owner had possession, and was the apparent owner of an unincumbered thing.    In other words, that a chattel lien would not relate back to the time of delivery as against other lien holders who had acquired a lien in good faith, for value, and without knowledge of the lien.

Affirmed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.