[No. 45048. En Banc. August 17, 1978.]

ALBERT C. GROSS, *Appellant*, v. THE CITY OF
LYNNWOOD, ET AL, *Respondents*.

*Clinton, Fleck, Glein & Brown, Lawrence B. Linville,* and *Richard J. Glein,* for appellant.

*Stafford, Frey & Mertel,* by *A. Richard Dysktra,* and *Riach, Gese & Seather,* by *J. Gaylord Riach* and *John P. Watts,* for respondents.

HAMILTON, J.—This is an appeal from a trial court's dismissal of a complaint alleging age discrimination. We accepted certification from Division One of the Court of Appeals and affirm the judgment of dismissal.

The essential facts are not in dispute. Appellant Gross has on three occasions submitted an application to respondents City of Lynnwood and Lynnwood Civil Service Commission for the position of fire fighter. His application was twice rejected following initial screening. After filing a third application, he was permitted to take a written examination. Appellant completed it and then took an oral examination. He evidently performed well, but was eliminated from further competition because he was 35 years old and thus ineligible for enrollment in the Law Enforcement Officers' and Firefighters' Retirement System (LEOFFRS).[1]

---

[1] Section IE of the Law Enforcement Officers' and Firefighters' Retirement System Minimum Medical and Health Standards, adopted on September 18, 1972 (exhibit 1), states:

Applicant must be at least eighteen years of age, and shall not have reached thirty-five years of age at time of appointment: provided that applicants successfully completing examinations and becoming eligible for appointment within the prescribed age limits shall remain eligible for membership up to but not including January 1, 1973.

The Law Enforcement Officers' and Firefighters' Retirement System Board has not participated in this appeal.

The appellant, understandably disappointed, filed suit against respondents alleging violation of RCW 49.60.180— Washington's law against age discrimination.[2] In response to this suit, respondents admit that their sole reason for failing to certify to the Civil Service register or hire appellant was his age ineligibility for LEOFFRS. Respondents argued a state statute governing LEOFFRS absolutely prohibited the employment of persons ineligible for participation in LEOFRRS.[3]

The trial court agreed with respondents and, after trial, dismissed appellant's complaint. The complaint was, in appellant's own words, "clearly based" on RCW 49.60.

Initially, we must confront the question of whether RCW 49.60.180 creates a civil cause of action for age discrimination in a 35–year–old individual. Respondents argue that it does not, relying on the language of RCW 49.44.090. Appellant, on the other hand, urges respondents' failure to point out RCW 49.44.090 to the trial court precludes our taking notice of this statute on appeal.

 We disagree with appellant's suggestion that we are precluded from noticing RCW 49.44.090. It is the general rule that public statutes of Washington State will be judicially noticed by all courts of this state. *State v. Larson,* 49 Wn.2d 239, 299 P.2d 568 (1956); *State v. Whetstone,* 30 Wn.2d 301, 191 P.2d 818 (1948); 5 R. Meisenholder, Wash. Prac § 595 (1965); *see* 9 J. Wigmore, *A Treatise on the Anglo–American System of Evidence in Trials at Common Law* § 2572 (3d ed. 1940). It is appropriate therefore that we judicially notice RCW 49.44.090.

---

[2]Appellant's complaint also alleged estoppel and violation of federal age discrimination laws. These causes were dismissed by the court and, on appeal, appellant does not argue that dismissal was erroneous.

[3]"(1) All fire fighters and law enforcement officers employed as such on or after March 1, 1970, on a full time fully compensated basis in this state shall be members of the retirement system established by this chapter with respect to all periods of service as such, to the exclusion of any pension system existing under any prior act except as provided in subsection (2) of this section." RCW 41.26.040(1).

The language of RCW 49.44.090 makes it an unfair practice to refuse to employ an individual because the person is between the ages of 40 and 65.[4] It is respondents' contention that this language qualifies the *total* prohibition against age discrimination contained in RCW 49.60.180.[5] They then conclude that the civil action granted by RCW 49.60.030 for violation of RCW 49.60.180 must be limited to situations where the discriminatee is between the ages of 40 and 65. Our determination of the scope of the civil action clearly depends upon the interpretation and compatibility of RCW 49.60.180 and RCW 49.44.090. Appellant has a cause of action against respondents unless the language of RCW 49.44.090 is construed as a limitation upon RCW 49.60.180.

■ In construing these statutes our primary object is to effectuate legislative intent. *Anderson v. O'Brien,* 84 Wn.2d 64, 524 P.2d 390 (1974). This intent is ascertained from the statutory context as a whole. *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975); *Amburn v. Daly,* 81 Wn.2d 241, 501 P.2d 178 (1972). And, in looking to the statutory context, we note RCW 49.60.180 and RCW 49.44.090 originated in the same legislation: Laws of 1961, ch. 100, p. 1586. RCW 49.60.180 is the codification of ch. 100, § 1, and RCW 49.44.090 is the codification of ch. 100, § 5.

A basic rule of statutory construction is that whenever possible statutes should be construed so that no portion is superfluous. *Smith v. Greene,* 86 Wn.2d 363, 545 P.2d 550

---

[4] "It shall be an unfair practice:

"(1) For an employer or licensing agency, because an individual is between the ages of forty and sixty–five, to refuse to hire or employ or license or to bar or to terminate from employment such individual, or to discriminate against such individual in promotion, compensation or in terms, conditions or privileges of employment: . . ." RCW 49.44.090.

[5] "It is an unfair practice for any employer:

"(1) To refuse to hire any person because of such person's age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap, unless based upon a bona fide occupational qualification: . . ." RCW 49.60.180.

(1976). If we were to give full effect to the total prohibition against age discrimination contained in RCW 49.60.180, then the language of RCW 49.44.090 becomes mere surplusage. Such a result cannot have been intended by the legislature, particularly where, as we have noted, both provisions were originally contained in the same legislation.

■■ Further, it may be said the general purpose of an age discrimination statute is to provide protection for the mature worker who may encounter difficulty obtaining or maintaining employment in a youth oriented market. *See, e.g.,* Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1970), and Senate Journal, 43d Legislature (1973) at 697. This purpose is clearly reflected by administrative regulations which limit age discrimination coverage to those persons ages 40 to 65. WAC 162–04–010(2) and (12);[6] *see* WAC 162–12–140. And these regulations are entitled to considerable deference since they are the construction of a statute by those whose duty it is to administer its terms. *Holland v. Boeing Co.,* 90 Wn.2d 384, 583 P.2d 621 (1978); *Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 536 P.2d 157 (1975).

■ We hold therefore that RCW 49.44.090 must be read in conjunction with RCW 49.60.180. The former statute limits the definition of the unfair practice of age discrimination contained in RCW 49.60. RCW 49.60.180, as it pertains to age discrimination, therefore, provides protection only for persons ages 40 to 65. Appellant, a 35–year–old

---

[6] "In general, words are used in this title in the same meaning as they are used in the law against discrimination, chapter 49.60 RCW. See, in particular, RCW 49.60.040. The following words are used in the meaning given, unless the context clearly indicates another meaning.

". . .

"(2) 'Age' means between 40 and 65 years of age.

". . .

"(12) 'Protected class' means the persons who are members of (or who are treated as members of) one of the groups against whom discrimination is declared to be an unfair practice by the law against discrimination. Protected classes include persons between the ages of 40 and 65, persons of a particular race, creed, color, national origin, sex, or marital status, and persons who are handicapped." WAC 162–04–010.

individual, is not within the protected class and thus has no civil cause of action for age discrimination under RCW 49.60.

■ In reaching this conclusion, we have rejected appellant's argument that the 1973 amendments to RCW 49.60-.180 have impliedly repealed RCW 49.44.090.[7] Implied repeals are not favored. *State Bd. Against Discrimination v. Board of Directors*, 68 Wn.2d 262, 412 P.2d 769 (1966). A statute will not be held to have repealed by implication an earlier statute when the two can stand together. *Copeland Lumber Co. v. Wilkins*, 75 Wn.2d 940, 454 P.2d 821 (1969). Here, quite clearly, the two laws can stand together. Each may be given *some* effect by interpreting the age discrimination prohibition of RCW 49.60.180 as prohibiting discrimination only against persons 40 to 65 years of age.

■ Appellant further suggests that, even if RCW 49.44-.090 limits the age discrimination action, respondents have waived the right to rely upon its operation since such reliance is in the nature of an affirmative defense. He argues respondents' failure to plead or argue the applicability of this statute in the trial court precludes raising it on appeal.

We disagree with appellant's view of RCW 49.44.090. In our opinion, this particular statutory limitation on the class of persons entitled to a civil cause of action for age discrimination operates to define the specific facts upon which relief may be predicated. A party may raise failure to establish facts upon which relief can be granted for the first time in the appellate court. RAP 2.5(a)(2). Respondent is thus not precluded from raising appellant's failure to establish he is within the protected class. Inasmuch as appellant failed to establish the facts upon which relief can be granted, dismissal of his complaint for age discrimination under RCW 49.60 was not error.

---

[7]Appellant evidently would interpret the repealing language of RCW 49.60.020 as an *express* repeal. A clause which repeals all acts which are in conflict does not however constitute an express repeal. *State Bd. Against Discrimination v. Board of Directors*, 68 Wn.2d 262, 412 P.2d 769 (1966). Accordingly, the applicable analysis is that pertaining to implied repeal.

The trial court's dismissal of his entire lawsuit was therefore warranted unless, under some other theory which appellant established at trial, the respondents' action was proved to be unlawful. Appellant argues he demonstrated that respondents' action was arbitrary and capricious and violative of his fundamental rights.

There is no evidence in the record which proves respondents' action was arbitrary, *i.e.,* unreasoning. On the contrary, substantial, in fact uncontradicted, evidence adduced at trial established that respondents' *only* reason for rejecting appellant was his ineligibility for LEOFFRS. The desire of respondents to afford LEOFFRS benefits to all fire fighters and the rejection of appellant because he was not qualified for LEOFFRS supports a conclusion that respondents did not act arbitrarily. In addition, under RCW 41.26.040(1) fire fighters must be members of LEOFFRS to the exclusion of other comparable pension systems. Thus, it is reasonable to infer that respondent City might bear a significant burden if it attempted to fund a separate pension system for appellant. This also supports a conclusion respondents' action was not arbitrary. Appellant simply failed to prove, as he was obliged to do, that respondents' action was arbitrary.

Since appellant had no cause of action for age discrimination under RCW 49.60 and failed to prove the impropriety of respondents' action under any other theory, judgment of dismissal was not error. We need not reach the question of whether RCW 41.26.040(1) absolutely prohibits local municipalities from hiring as fire fighters persons ineligible for LEOFFRS.[8] We are committed to the rule that we will sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof. *State ex rel. Weiks v. Tumwater,* 66 Wn.2d 33, 400 P.2d 789 (1965); *Lundberg v. Corporation of Catholic Archbishop,* 55 Wn.2d 77, 346 P.2d 164 (1959).

---

[8] A reasonable interpretation of RCW 41.26.040(1) indicates it is, at the very least, a strong statement of a legislative policy in favor of prohibiting the employment of persons ineligible for the Law Enforcement Officers' and Firefighters'

402

Accordingly, the judgment is affirmed.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACH-TENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Retirement System. Further, it should be noted that under RCW 49.44.090(2) laws authorizing the establishment of reasonable minimum age limits with respect to candidates for positions in public employment which require extraordinary physical effort are *not* superseded by the age discrimination laws.