[No. 46887.   En Banc.   November 13, 1980.]

TACOMA TELCO FEDERAL CREDIT UNION, *Respondent,* v. JAMES R. EDWARDS, *Appellant.*

*Hutchins, Wheeler & Huss, Stephen W. Burke,* and *James E. Reed,* for appellant.

*Tuell, Anderson & Hudson* and *David R. Tuell, Jr.,* for respondent.

HOROWITZ, J.—This case concerns an action for a deficiency judgment brought by a secured party after repossession and resale of the collateral in which the secured party had a purchase money security interest. We affirm summary judgment for the plaintiff for the reasons stated below.

Defendant James R. Edwards wanted to purchase a used 1975 Lincoln Continental for his personal use. He obtained a $9,750 loan from plaintiff, Tacoma Telco Federal Credit Union (Telco), to finance the purchase in March 1977. Mr. Edwards signed a promissory note in favor of Telco and Telco perfected a purchase money security interest in the car under RCW 62A.9–107(b).

Mr. Edwards thereafter defaulted on the note. Telco repossessed and resold the car pursuant to RCW 62A.9–504. There is no allegation that the resale was commercially unreasonable, but the proceeds were inadequate to pay the full amount owing on the note. Telco filed this action in Pierce County Superior Court to recover the deficiency of $1,306.73, plus attorney's fees, from Mr. Edwards.

Both parties moved for summary judgment, the plaintiff relying on the uncontroverted evidence of default, resale,

and deficiency, and the defendant alleging that a deficiency judgment was prohibited by RCW 62A.9–501(1). Telco's motion for summary judgment for a deficiency and attorney's fees was granted.

The defendant appealed to the Court of Appeals, Division Two. We accepted the appellate court's certification of the case. It raises only one issue: Does RCW 62A.9–501(1) prevent a secured party that is not the seller from obtaining a deficiency judgment against a debtor when the secured party has resold the consumer good collateral subject to the purchase money security interest pursuant to RCW 62A.9–504? We answer the question in the negative and affirm the summary judgment because of the clear language of the relevant statute.

RCW 62A.9–501(1) is unique to Washington's version of the Uniform Commercial Code. It provides in part:

> Notwithstanding any other provision of this Code, in the case of a purchase money security interest in consumer goods taken or retained by the seller of such collateral to secure all or part of its price, the debtor shall not be liable for any deficiency after the secured party has disposed of such collateral under RCW 62A.9–504 or has retained such collateral in satisfaction of the debt under subsection (2) of RCW 62A.9–505.

As will be demonstrated, RCW 62A.9–501(1) prohibits deficiency judgments to *only* sellers, and not also to third party lenders that privately repossess and resell under RCW 62A.9–504.

Both parties agree that it is the legislature's intent, as properly ascertained, that must govern. The defendant argues that the legislature's overriding intent was to protect the consumer, and that thus RCW 62A.9–501(1) must be interpreted to prevent *any* creditor financing purchase of a consumer item from collecting from the debtor any deficiency remaining after private repossession and resale. The plaintiff, however, points to clear restrictions on the extent of consumer protection found in the language of RCW 62A.9–501(1).

We must first seek to learn the legislature's intent by examining the language of the statute itself. *In re Estate of Lyons,* 83 Wn.2d 105, 515 P.2d 1293 (1973); *Davis v. Inca Compania Naviera S.A.,* 440 F. Supp. 448 (W.D. Wash. 1977). If no ambiguity exists, there is no need for statutory construction and the legislation must simply be applied in the courts. *Hatfield v. Greco,* 87 Wn.2d 780, 557 P.2d 340 (1976); *Roza Irrigation Dist. v. State,* 80 Wn.2d 633, 497 P.2d 166 (1972). Although purchase money security interests can be taken by either a seller or a third party lender, RCW 62A.9–107, RCW 62A.9–501(1) applies only "in the case of a purchase money security interest in consumer goods *taken or retained by the seller*". (Italics ours.) This language simply does not encompass the purchase money security interest taken by the third party lender plaintiff in this case.

Although not defined in article 9 of the U.C.C., under article 2 a "seller" is "a person who sells or contracts to sell goods." RCW 62A.2–103(d). Under any common meaning of the word, Telco cannot be considered a "seller." *See John H. Sellen Constr. Co. v. Department of Revenue,* 87 Wn.2d 878, 558 P.2d 1342 (1976) (undefined words in statute are to be given their common and ordinary meaning). Thus, the restrictions on "sellers" in RCW 62A.9–501(1) do not apply to third party lenders. Since no other statutory or common law provision prevents a deficiency judgment in this case, the trial court correctly granted summary judgment for Telco.

The defendant argues, however, that no distinction between lenders and sellers was actually intended by the legislature. He cites House floor discussions and an analysis of RCW 62A.9–501(1) in the main volume of Washington Practice:

> The end–result of U.C.C. sec. 9–501 as enacted in Washington is this: if in a purchase–money transaction the secured party chooses to repossess consumer goods and to sell them pursuant to U.C.C. sec. 9–504 he cannot

collect a deficiency from the debtor although he will be obliged to account for a surplus . . .

8 W. Shattuck & R. Cosway, Wash. Prac., Comment 9:1270(5), at 210 (1967). The professors make no distinctions between secured parties that are sellers and those that are third party lenders. The defendant also relies on dicta in *Lew v. Goodfellow Chrysler–Plymouth, Inc.,* 6 Wn. App. 226, 492 P.2d 258 (1971), a case which considered the rights of a third party lender to a deficiency judgment:

[T]he bank did not proceed under RCW 62A.9–504 or 62A.9–505, which action would have barred a deficiency judgment. *See* RCW 62A.9–501(1).

*Lew v. Goodfellow Chrysler–Plymouth, Inc., supra* at 231. But *Lew* contains no discussion of the fact that the bank in that case was not a seller, but a third party lender. It merely notes that RCW 62A.9–501(1) would in *no* event be applicable because the bank had not repossessed and proceeded pursuant to RCW 62A.9–504 or RCW 62A.9–505.

As noted by Professors Shattuck and Cosway in their supplement to the Washington Practice discussion of RCW 62A.9–501(1) quoted above:

Functionally there would seem to be little justification for such a distinction [between sellers and lenders], barring a deficiency if a bank becomes the secured party by purchase and assignment of a conditional sales contract (chattel paper) but permitting a deficiency if the bank makes a direct loan, taking a purchase money security interest.

8 Wash. Prac., *supra,* Comment 9:1270(5), at 35 (1980 Supp.). Yet, as the professors go on to comment, "the statute [RCW 62A.9–501(1)] does permit such a distinction." Thus, the commentators acknowledge the obvious limitations in the statute itself.

Several floor discussions of the bill also support the plaintiff's contention that the statute applies only to sellers. Also telling is the fact that a similar provision, introduced when the U.C.C. was first considered by the legislature in 1963, clearly would have prevented *any* secured party from

obtaining a deficiency judgment after repossession and resale. Engrossed House Bill 129, 38th Legislature (1963). The 1965 version, which was eventually enacted as RCW 62A.9–501(1), was virtually identical to the 1963 provision *except* for its express limitation to "sellers" of "consumer goods". Had a broader restriction been intended, the legislature would have followed the earlier bill's model.

The fact remains, finally, that the language of RCW 62A.9–501(1) clearly limits its applicability to consumer good *sellers*. We note that the question of whether a bank that has purchased a seller's contract is prohibited from seeking a deficiency by RCW 62A.9–501(1) is not raised. The plaintiff here, a third party lender, is not affected by the provisions of RCW 62A.9–501(1). A third party lender is not prevented by RCW 62A.9–501(1) from seeking a deficiency judgment after default, repossession, and resale of a consumer good collateral. We therefore must affirm the trial court's summary judgment for the plaintiff.

It is so ordered.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.