[No. 3748-7-III.   Division Three.   March 10, 1981.]

FAIK IBRAHIM, *Respondent,* v. HAPO FEDERAL
EMPLOYEES CREDIT UNION, *Appellant.*

*Robert G. Swisher* and *Gladstone & Stancik,* for appellant.

*David H. Putney* and *Halverson, Applegate & McDonald,* for respondent.

GREEN, J.—HAPO Federal Employees Credit Union (HAPO) appeals from a summary judgment that its security interest in an automobile is subordinate to a mechanic's lien acquired by Faik Ibrahim doing business as the Flying Dutchman Car Repair Service.

HAPO loaned money to Mr. and Mrs. David Shelp for the purchase of a 1970 MGB, and at the time of the loan, February 1, 1977, HAPO typed its name onto the certificate of title as legal owner. RCW 46.12.095. The new certificate of title was issued on May 11, 1977. In November 1977, the Shelps took the automobile to Mr. Ibrahim for repairs and

although he completed the work, the Shelps did not pick up the automobile or pay for the repairs. Mr. Ibrahim prepared a chattel lien which was executed on April 27, 1978, and then brought this action to foreclose the interests of HAPO and the Shelps.

The court ordered judgment in favor of Mr. Ibrahim in the amount of $1,246.65, representing the costs of repairs, interest and storage charges and the amount of $976.38 for costs. The court found that judgment superior to any interest or any judgment of HAPO.

■ HAPO contends that regardless of whether Mr. Ibrahim's lien is considered to be statutory—pursuant to RCW 60.08—or by common law—as recognized in *Ellison v. Scheffsky,* 141 Wash. 14, 250 P. 452 (1926), HAPO's previously perfected security interest must take precedence over Mr. Ibrahim's claim because of the provisions of the Uniform Commercial Code, particularly RCW 62A.9–310. That statute provides:

> When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, *a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest only if the lien is statutory and the statute expressly provides for such priority.*

(Italics ours.) The language of the statute is clear and, therefore, we need not engage in judicial construction. *See, e.g., Tacoma Telco Fed. Credit Union v. Edwards,* 94 Wn.2d 666, 669, 619 P.2d 363 (1980); *In re Gardner,* 94 Wn.2d 504, 507, 617 P.2d 1001 (1980). The mechanic's lien claim of Mr. Ibrahim takes priority over a perfected security interest "only if the lien is statutory and the statute expressly provides for such priority." Based on this statute, the judgment must be reversed.

■ Mr. Ibrahim's lien is embodied in RCW 60.08.010[1]

---

[1]RCW 60.08.010 provides:

"Every person, firm or corporation who shall. have performed labor or furnished material in the construction or repair of any chattel at the request of its

and is established by notice under RCW 60.08.020,[2] neither of which provides the priority required by RCW 62A.9–310. Its position with respect to other liens, mortgages or encumbrances is defined by RCW 60.08.030:

The liens created by this chapter are preferred to any lien, mortgage or other encumbrance which may attach subsequently to the time of the commencement of the performance of the labor, or the furnishing of the materials for which the right of lien is given by this chapter, and are also preferred to any lien, mortgage or other encumbrance which may have attached previously to that time, and which was not filed or recorded so as to create constructive notice of the same prior to that time, and of which the lien claimant has no notice.

Pursuant to RCW 46.12.095[3] and RCW 62A.9–302(3)(b),[4]

---

owner, shall have a lien upon such chattel for such labor performed or material furnished, notwithstanding the fact that such chattel be surrendered to the owner thereof: *Provided, however,* That no such lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons who, prior to the filing of the lien notice as hereinafter provided for, may have acquired the title to such chattel in good faith, for value and without actual notice of the lien."

[2]RCW 60.08.020 provides in part:
"In order to make such lien effectual the lien claimant shall, within sixty days from the date of delivery of such chattel to the owner, file in the office of the auditor of the county in which such chattel is kept, a lien notice, which notice shall state the name of the claimant, the name of the owner, a description of the chattel upon which the claimant has performed labor or furnished material, the amount for which a lien is claimed and the date upon which such expenditure of labor or material was completed, which notice shall be signed by the claimant or someone on his behalf, . . . ."

[3]RCW 46.12.095 provides in pertinent part:
"A security interest in a vehicle other than one held as inventory by a manufacturer or a dealer and for which a certificate of ownership is required is perfected only by compliance with the requirements of this section:
"(1) A security interest is perfected only by the department's receipt of: (a) The existing certificate, if any, and (b) an application for a certificate of ownership containing the name and address of the secured party and (c) tender of the required fee."

[4]RCW 62A.9–302(3) provides, in pertinent part:
"The filing provisions of this Article do not apply to a security interest in property subject to a statute
". . .

the designation of HAPO on the certificate of title by the Department of Motor Vehicles satisfies the filing requirement of the Uniform Commercial Code, and the credit union's interest was perfected accordingly. See RCW 62A.9–303(1).

We are sympathetic to the position of Mr. Ibrahim. He has expended more than $1,000 in labor and parts to enhance the value of collateral, and, in the end, he may not be fairly compensated. However, to the extent his work has rendered the vehicle more valuable, he may be able to recover at least some of his costs.[5] Nonetheless, the statutory framework establishes the secondary position of his lien, and any attempt to rectify what he may perceive as an inequity must be made through the legislature.[6]

Since the mechanic's lien statute grants priority to a previously perfected security interest, this matter must be remanded for entry of judgment in favor of HAPO.

---

"(b) of this state which provides for central filing of, or which requires indication on a certificate of title of, such security interests in such property."

[5]RCW 62A.9–504(1)(c) provides that following default, a secured party, after recouping his costs and satisfying the indebtedness secured by the collateral, shall then satisfy the indebtedness secured by a subordinate security interest.

[6]As noted by Cosway & Shattuck, *The Uniform Commercial Code—SB 122,* 40 Wash. L. Rev. 873, 882–83 (1935) the legislature specifically rejected the official text version of section 9–130 which provides:

When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

As the authors notice, there appears to be no legislative history explaining the amendment of the official version.

We also note RCW 46.12.190, which provides that a legal owner of a vehicle is not liable for contracts made by the registered owner, may be applicable here. However, neither party has cited that statute, and in view of our decision, we need not address its application.

Reversed.

ROE, A.C.J., and MUNSON, J., concur.