[No. 8208–6–I. Division One. April 20, 1981.]

ROBERT MURRAY, ET AL, *Respondents,* v. A. JOEL EISENBERG, ET AL, *Appellants.*

*Albert Hanan* and *Stuart Todd,* for appellants.

*David Knibb,* for respondents.

WILLIAMS, J.—Robert Murray and others brought this action against Aeroamerica, Inc., and others for the purpose of regaining possession of his Boeing 707 aircraft, to set aside Aeroamerica's possessory lien covering it and for other relief. Murray applied to the superior court for an order discharging the lien and requiring redelivery of the aircraft upon the deposit of financial security in lieu of a bond. Upon entry of the order, the Bank of Alaska posted a letter of credit and the aircraft was released to Murray. Aeroamerica answered the complaint making certain admissions and denials and asserting a claim for its repair charges. Over a year after release of the aircraft, the bank, in first position as mortgagee, intervened to protect its security interest in the aircraft and to limit its obligation upon the letter of credit. Upon application of the bank, the court ordered that the aircraft be substituted for the letter of credit. The parties then stipulated to entry of judgment upon the repair bills and other issues, Aeroamerica appeal-

ing only upon the question of the substitution of the aircraft for the letter of credit. We reverse.

The essential facts are that in 1977, Murray delivered the Boeing 707 aircraft to Aeroamerica for repairs which were accomplished for a charge of $249,000. When Aeroamerica asserted a possessory lien upon the aircraft for the repairs and Murray commenced this action, the bank posted a letter of credit to serve in lieu of a bond as authorized by the court. The court's order approving the arrangement and releasing the aircraft from the possessory lien reads in part:

> plaintiffs having heretofore filed in this action with the Court an irrevocable letter of credit to secure defendants in lieu of their possessory lien; and the Court having determined that the defendants are sufficient protected by said letter of credit, now, therefore,
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants shall forthwith release the subject airplane, parts and documentation belonging to plaintiffs, presently in defendants' possession, to the plaintiffs or their agents.

The Bank's letter of credit provides:

> We hereby establish our Irrevocable Letter of Credit in your favor by order of:
>
> United Bank Alaska
> 645 G Street
> Anchorage, Alaska 99501
>
> for account of: Robert Murray, et al for an amount not exceeding: Two hundred fifty thousand and no/100 dollars * * * Available by your draft(s) on us at sight when accompanied by
>
>> Your signed statement that the amount drawn represents an amount due from any judgment arising out of Superior Court of Washington for King County #840101 in favor of the defendant A. Joel Eisenberg, et ux., et al.

In November 1979 the order directing the substitution of the Boeing 707 as collateral and exonerating the letter of credit was entered over the strenuous objection of Aeroamerica because the bank's mortgage lien was superior

to the lien for repairs and the airplane was not valuable enough to cover both. The bank's position was that the same priorities existed as to the letter of credit as obtained on the aircraft initially, because it was only a substitute for the airplane and the rights of Murray in the letter of credit could be no greater than those he had in the airplane.

A lien is an encumbrance which one person has upon the property of another as security for some debt or charge. The right to a common law lien is:

> based directly on the idea of possession, and it is indispensable that the one claiming it have an independent and exclusive possession of the property. Such a lien arises only when possession is obtained, and exists only so long as it is retained. Although there is authority for the view that the possession may be either actual or constructive, it has been said that the lien can exist only when the creditor has the actual possession of the goods on which the lien is claimed.

(Footnotes omitted.) 51 Am. Jur. 2d *Liens* § 21 (1970). *See also Ellison v. Scheffsky,* 141 Wash. 14, 250 P. 452 (1926).

Aeroamerica's lien—its possession of the aircraft—was lost when it was taken by the court order and supplanted by the irrevocable letter of credit "to secure defendants in lieu of their possessory lien."

The letter of credit was an unambiguous contractual obligation undertaken by the bank to pay any judgment rendered against Murray upon the merits of the case, not exceeding the amount of the letter of credit. *Burke Motor Co. v. Lillie,* 39 Wn.2d 918, 920, 239 P.2d 854 (1952). The contract was based upon valuable consideration, delivery of the aircraft to Murray, and must be enforced. There were no express or implied conditions permitting the bank to limit its obligation to the owner's financial interest in the aircraft. Indeed, it probably would have been inequitable for the court to order its release on that basis had the question arisen.

Reversed as to the substitution of the aircraft for the let-

ter of credit.

DURHAM and CORBETT, JJ., concur.

Reconsideration denied June 16, 1981.

Review denied by Supreme Court September 3, 1981.