[No. 52572-2.   En Banc.   March 5, 1987.]

THEODORE A. BURNS, *Respondent,* v. EARL L. MILLER, ET AL, *Petitioners.*

*Martin Godsil* and *Phillip T. Hutchinson* (of *Casey, Pruzan & Kovarik*), for petitioners.

*Christopher J. Bell* and *Bertha Fitzer,* for respondent.

DOLLIVER, J.— Defendant Miller Marine Corporation challenges a Court of Appeals decision reversing the trial court's award of attorney fees in an action involving a possessory lien. The Court of Appeals held the award of attorney fees was not authorized under RCW 60.08.

Plaintiff Theodore Burns hired defendant Miller Marine Corporation to remodel and repair his sailboat. In time, Burns sued Miller Marine Corporation and Earl L. Miller and his wife for damages, attorney fees, and a reduction in the repair bill. Miller and his wife were dismissed as parties defendant, leaving Miller Marine Corporation the sole defendant.

Miller Marine counterclaimed to recover its expenses under the contract for work on the sailboat, alleging it had "possessory and statutory liens" and was entitled to a judgment lien against the boat. Miller Marine requested "reasonable attorneys' fees as allowed by law, including the statutory law of the State of Washington . . ."

The boat remained in Miller Marine's possession until after the trial. The boat was then sold at a sheriff's sale.

The trial court entered judgment and a decree of foreclosure in favor of Miller Marine. The court found Miller Marine had "possessory and statutory liens" and awarded $25,000 in attorney fees to Miller Marine "pursuant to RCW 60.36 [the vessel lien statute] and RCW 19.86 [the Consumer Protection Act] and law and statute related thereto . . ."

Burns appealed only the award of attorney fees. Miller Marine argued to the Court of Appeals the attorney fee award was authorized under RCW 60.08, the chattel lien

statute, and urged the Court of Appeals to affirm on the principle that a trial court can be affirmed on any proper basis within the pleadings and proof.

The Court of Appeals held RCW 60.08 does not codify the common law possessory lien, but instead creates only a "supplementary nonpossessory lien." *Burns v. Miller,* 42 Wn. App. 801, 803, 714 P.2d 1190 (1986). The court held Miller Marine had only a common law possessory lien and therefore was not eligible for attorney fees under RCW 60.08. Miller Marine's petition for review was granted by this court.

Miller Marine contends its possessory lien arose under RCW 60.08.010, and therefore the trial court was authorized to award attorney fees under RCW 60.08.050. Burns claims the attorney fee award is not authorized by any statute. Although the trial court did not base its award on RCW 60.08, Miller Marine argued and the Court of Appeals agreed with the principle that a trial court can be affirmed on any proper basis within the pleadings and proof. *Gross v. Lynnwood,* 90 Wn.2d 395, 583 P.2d 1197, 96 A.L.R.3d 187 (1978). We concur.

At common law, a person performing labor on a chattel at the owner's request has a lien for the debt so long as the lienor retains possession of the chattel. *Ellison v. Scheffsky,* 141 Wash. 14, 250 P. 452 (1926). A statutory chattel lien provision was enacted in 1905 in substantially the same form as the present version in RCW 60.08.010. *See* Laws of 1905, ch. 72, § 1, p. 137. RCW 60.08.010 provides:

> Every person, firm or corporation who shall have performed labor or furnished material in the construction or repair of any chattel at the request of its owner, shall have a lien upon such chattel for such labor performed or material furnished, notwithstanding the fact that such chattel be surrendered to the owner thereof: *Provided, however,* That no such lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons who, prior to the filing of the lien notice as hereinafter provided for, may have acquired the title

to such chattel in good faith, for value and without actual notice of the lien.

The Court of Appeals held the statute does not include possessory liens. It found the language to be unambiguous and that it was

> evident that the Legislature (1) acknowledged the existence of a common law possessory lien, (2) recognized that such lien was lost if possession was surrendered, and (3) created a statutory nonpossessory lien to supplement the common law possessory lien.

*Burns,* at 804. The court stated the legislative intent was to supplement, not codify the common law possessory lien. Thus, it reasoned, only nonpossessory chattel liens are statutory. The court concluded statutory attorney fees under RCW 60.08.050 are only awardable in the case of a nonpossessory, statutory lien.

■ We disagree with the conclusion reached by the Court of Appeals. Initially we note the statute plainly states, "*[e]very* person, firm or corporation" which has "performed labor or furnished material in the construction or repair of any chattel at the request of its owner, *shall have* a lien" upon the chattel. (Italics ours.) RCW 60.08-.010. This language seems to codify the common law. The clause, "notwithstanding the fact that such chattel be surrendered to the owner thereof" serves to expand the common law by permitting the lien to arise or continue regardless of whether possession is maintained. In *Sumner K. Prescott Co. v. Franklin Tool Works,* 117 Wash. 283, 290, 201 P. 308 (1921), the court stated the statute "is broader than the common law and gives the right to one furnishing material to a lien, even though such material be not in possession of the manufacturer."

Other references to these statutes also suggest the conclusion that possessory liens are included. The Washington Comments to RCW 62A.9–310 (providing for priority of liens where perfected security interests are involved) stated: "RCW ch 60.08 and RCW ch 60.56 appear to be the only Washington statutes which create liens in chattels under such circumstances that the lienor might be in possession

. . ." RCWA 62A.9-310. The Comment suggests RCW 60.08.010 codifies and includes the common law possessory lien.

Two prior cases involve possessory lienholders who sought attorney fees under this statute. In the first, the court did not address the applicability of the statute, but instead held the lienor repairman had lost his lien by bad faith overcharging. *Radley v. Raymond,* 34 Wn.2d 475, 209 P.2d 305 (1949). In the second, the court held the possessory lienor could not recover the attorney fees from someone other than the person liable for the debt. *Mell v. Winslow,* 49 Wn.2d 738, 306 P.2d 751 (1957). Neither opinion decides the issue in the present case, but they do imply the attorney fee provision would apply to a possessory lien in the proper case.

The language in one Court of Appeals opinion indicates the chattel lien statute requires notice before a lien is created, which would make the statutory lien markedly different from common law liens. In *Ibrahim v. HAPO Fed. Employees Credit Union,* 28 Wn. App. 597, 599, 625 P.2d 176 (1981), the court stated a lien under RCW 60.08.010 "is established by notice under RCW 60.08.020 . . ." RCW 60.08.020 provides "[i]n order to make such lien effectual the lien claimant shall, within ninety days from the date of delivery of such chattel to the owner, file . . . a lien notice . . ." This language does not, however, require such notice for a possessory lien, since no delivery to the owner is ever made. Under common law, the lien is maintained so long as possession is maintained, so notice is thus unnecessary. *See Ellison v. Scheffsky,* 141 Wash. 14, 250 P. 452 (1926). Contrary to what the *Ibrahim* language may suggest, RCW 60.08.010 may be interpreted to codify the common law possessory lien and still be consistent with RCW 60.08.020. RCW 60.08.020 does not require notice where possession is maintained, since it only requires notice after the chattel is delivered to the owner. Thus, in this case since the boat was never delivered to the owner, defendant was not required to file a lien notice under RCW 60.08.020. While RCW 60.08-

.010 specifically provides for a nonpossessory lien, we read RCW 60.08 as both affirming the common law possessory lien and also providing for the authorization and perfection of a nonpossessory lien.

An interpretation which excluded possessory liens from RCW 60.08 would create an unfortunate separation between two classes of chattel lienor creditors: (1) those with possessory liens to whom attorney fees may not be awarded, and (2) those with nonpossessory liens to whom attorney fees may be awarded. There is no indication the Legislature intended such a dichotomy. We believe the better reading of RCW 60.08 is that it codifies and expands upon, rather than merely supplements, the common law possessory lien. We so hold.

Since the attorney fee award was authorized by the statute, the Court of Appeals is reversed; and since appropriate application for attorney fees on appeal was made by defendant under RAP 18.1, the matter is remanded to the trial court for the setting of those fees.

PEARSON, C.J., and UTTER, BRACHTENBACH, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.

DORE, J. (dissenting)—I agree with the Court of Appeals that the Miller Marine Corporation lien did not arise under RCW 60.08 and it was not entitled to attorney's fees under RCW 60.08.050. I therefore dissent.

RCW 60.08.010 provides:

> Every person, firm or corporation who shall have performed labor or furnished material in the construction or repair of any chattel at the request of its owner, shall have a lien upon such chattel for such labor performed or material furnished, *notwithstanding the fact that such chattel be surrendered to the owner thereof: Provided, however,* That no such lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons who, prior to the filing of the lien notice as hereinafter provided for, may have acquired the title to such chattel in good faith, for value and without actual notice of the lien.

(Some italics mine.) The plain meaning of this section is that a chattel lien may exist "notwithstanding" the fact that the chattel is no longer possessed by the party performing the labor or furnishing the material giving rise to the lien. The term "notwithstanding" means "although; in spite of the fact that." *Webster's New Twentieth Century Dictionary* (2d ed. 1970). The majority's interpretation incorrectly gives the word "notwithstanding" the meaning "regardless of whether". Majority, at 781.

A nonpossessory chattel lien does not exist at common law. *Ellison v. Scheffsky,* 141 Wash. 14, 16, 250 P. 452 (1926); *Rothweiler v. Winton Motor Car Co.,* 92 Wash. 215, 217, 158 P. 737 (1916). The predecessor to RCW 60.08.010, Laws of 1905, ch. 72, § 1, p. 137, was enacted to perpetuate liens on chattel after possession is surrendered, rather than codify and expand the common law, as suggested by the majority. *See Rothweiler,* at 217.

Statutes creating liens are in derogation of the common law; as such they must be strictly construed and will not be extended to benefit those who do not clearly come within their terms. *Dean v. McFarland,* 81 Wn.2d 215, 219–20, 500 P.2d 1244, 74 A.L.R.3d 378 (1972). *See also Pacific Gamble Robinson Co. v. Chef–Reddy Foods Corp.,* 42 Wn. App. 195, 198–99, 710 P.2d 804 (1985), *review denied,* 105 Wn.2d 1008 (1986); *Northlake Concrete Prods., Inc. v. Wylie,* 34 Wn. App. 810, 813, 663 P.2d 1380 (1983). RCW 60.08 should not be expanded to cover possessory liens.

In any event, Miller Marine never complied with the notice and filing requirements of RCW 60.08.020, which are mandatory to make RCW 60.08 chattel liens "effectual". *See Ibrahim v. HAPO Fed. Employees Credit Union,* 28 Wn. App. 597, 598–99, 625 P.2d 176 (1981). The majority suggests that an RCW 60.08 lien may attach through mere possession of chattel, and therefore RCW 60.08.020 may be ignored in such cases. Majority, at 782. This interpretation disregards the clear language of the statute. RCW 60.08.020 requires filing of a lien notice not just to perfect such lien as against third parties, but to make such lien "effectual" at

all. *Campen v. Jamieson,* 88 Wash. 109, 111, 152 P. 679 (1915) (lien does not exist as between the parties unless properly filed).

CONCLUSION

Miller Marine failed to establish a lien under RCW 60.08, and therefore is not entitled to an award of attorney's fees under RCW 60.08.050. I would affirm the Court of Appeals.