No. 24,566.

JOHN A. LOADER and EFFIE LOADER, *Appellants*, v. THE BANK OF IDANA and V. H. RANKIN, *Appellees*.

#### SYLLABUS BY THE COURT.

AGISTOR's LIEN—*Claimant Must Be a Bailee in Possession.* It is essential to existence and enforcement of the agistor's lien given by section 2 of chapter 142 of the Laws of 1872 (Gen. Stat. 1915, § 6083), that the lien claimant be a bailee in possession.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed June 9, 1923. Affirmed.

*W. T. Roche*, of Clay Center, for the appellants.

*D. Basil Rankin*, of Idana, and *George L. Davis*, of Clay Center, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enforce an agistor's lien upon live stock appropriated by a chattel mortgagee. The plaintiffs were defeated, and appeal.

The Loaders owned a farm of 240 acres, which they leased to May for the years 1919, 1920, and 1921. The lease for the first year was oral, and May agreed to pay $300 for the pasture. The leases for 1920 and 1921 were in writing. Each one reserved the pasture to the lessors, but they agreed to pasture the tenant's stock at the customary price per head, and were to have a lien for payment of the sums due. The leases were not recorded. The Loaders resided in Clay Center, some twenty miles distant from the farm. May had possession of the entire farm, occupied the buildings as a home for himself and family, farmed the tillable land, and used the pasture for his milk cows, work horses and mules, and various other stock, including stock belonging to his neighbors. In November, 1920, May gave the bank a chattel mortgage on his cattle,

horses, and mules, and in January, 1921, gave the bank a renewal chattel mortgage on the same property. Both mortgages were duly filed for record.

The district court returned findings of fact, showing in detail the manner in which May used the pasture. It is sufficient for present purposes to say the findings are conclusive that May was at all times in full and exclusive possession of the stock covered by his mortgage, and that the Loaders not only did not have possession at any time, but had nothing to do with keeping up pasture fences, supplying stock water when necessary, or caring for the stock in any respect.

An agistor's lien was claimed by virtue of section 6083 of the General Statutes of 1915, which reads as follows:

"The keepers of livery stables, and all others engaged in feeding horses, cattle, hogs, or other live stock, shall have a lien upon such property for the feed and care bestowed by them upon the same, and if reasonable or stipulated charges for such feed and care be not paid within sixty days after the same becomes due, the property, or so much thereof as may be necessary to pay such charges and the expenses of publication and sale, may be sold as provided in this act."

This section is section 2 of chapter 142 of the Laws of 1872. The chapter is devoted to liens on personal property and, except for an amendment to section 1, is still the law of this state. (Gen. Stat. 1915, §§ 6082-6091.) Section 1 gives a lien to any mechanic, artisan, or tradesman to whom material has been entrusted for the construction, alteration or repair of any article of value. Section 2 gives a lien to agistors. Sections 3, 4 and 5 relate to liens of forwarders, warehousemen, carriers, hotel keepers, and bailees not before named. Sections 6, 7, 8, and 9 relate to enforcement of lien, which in all cases is by sale after notice. In these sections, the terms "person having possession" and "bailee" are used to denote all classes of persons entitled to liens. Section 10 reads as follows:

"The voluntary delivery to the owner or claimant of any personal property by any person claiming a lien thereon, as provided in this act, shall be held to be an abandonment of such lien, and such lien may also be waived by special contract." (Gen. Stat. 1915, § 6091.)

Section 10 would be meaningless unless possession were essential to lien. In its original form, section 1 gave a mechanic's lien on any article completed and not taken away. The amendment referred to permitted surrender of possession and preservation of lien by filing a lien statement with the register of deeds. With this single

exception, it is indispensable to lien given or recognized by the statute, and indispensable to enforcement of lien that the lien claimant be a bailee in possession.

There was no agistor's lien at common law for pasturing cattle. (*Kelsey v. Layne*, 28 Kan. 218.) In this state, as elsewhere except in Scotland and Pennsylvania, the lien is statutory, unless created by contract. (3 C. J. 31.) In the case cited, Justice Brewer indicated a preference for the Pennsylvania doctrine, but the decision was rested on the statute. Granting an agistor should have a lien independently of statute or contract, following the analogy of the common law relating to liens of various bailees, possession would be a *sine qua non*. The essence of the common-law lien was possession, and relinquishment of possession relinquished the lien. The policy of the law is against secret liens, and the court knows of no noncontract lien on personal property, good as against purchasers or mortgagees, not dependent either on possession or on some form of statutory notice.

The judgment of the district court is affirmed.