**In re Domenic DiPASQUALE, Debtor.**

**Bankruptcy No. 8800420.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 18, 1989.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Attorneys At Law, Inc., Cranston, R.I., for debtor.

Mark H. Burnham, Law Offices of Alfred G. Thibodeau, Providence, R.I., for Smithfield Diesel & Transmission Repair, Inc.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Smithfield Diesel & Transmission Repair, Inc. ("Smithfield Diesel") moves this Court for relief from the automatic stay in order to sell the debtor's Caterpillar crawler/loader, which has been in Smithfield Diesel's possession since April or May, 1986. Jason Monzack, Esq., the Chapter 7 Trustee, objects to this motion and argues that his lien as Trustee, under 11 U.S.C. §§ 544 and 545(2), is superior to that of Smithfield Diesel, which he characterizes as a "combination common law/statutory lien." Agreeing that the facts are not in dispute, the parties have submitted the matter to the Court on their legal memoranda.

The issue can be summarized as follows: Whether R.I.GEN.LAWS § 34-35-1, entitled "Complaint for order of sale," establishes a mandatory procedure for perfecting a possessory lien, or whether it is simply an extension of the existing common law lien by providing the lienor with a statutory procedure by which to sell the collateral.

It is undisputed that the debtor delivered the subject crawler/loader to Smithfield Diesel for repairs in April or May 1986, and that $15,124.69 worth of work was performed on it. Because the debtor never paid for these repairs, Smithfield Diesel has had continuous, uninterrupted possession of the equipment since May, 1986.

In support of its Motion for Relief from Stay, Smithfield Diesel contends that it has a common law possessory lien on the property for work performed on it, in the amount of $15,124.69. In the Joint Pretrial Order, the parties agreed that the value of the equipment is between $15,000 and $18,000, as appraised by John A. Meese of Southworth Machinery, Inc.

The Trustee argues that, pursuant to R.I.GEN.LAWS § 34-35-1, et seq., Smithfield Diesel was required to make a written demand followed by a court proceeding in order to perfect its lien on the crawler/loader to prevail over the Trustee's avoidance powers under §§ 544 and 545(2).[1]

R.I.GEN.LAWS § 34-35-1 provides in relevant part that

[w]hoever has a lien at common law for money due him on account of work and labor, care and diligence, or money expended on or about personal property or for storage of personal property or has a lien therefor on such account by reason of any contract expressed or implied, if such money is not paid within thirty (30) days after a demand in writing delivered to the owner ... may apply for an order for the sale of the property in satisfaction of the debtor by civil action in the superior court for the county where the plaintiff or some one of the plaintiff resides.

In addition, R.I.GEN.LAWS § 34-35-2, entitled "Citation to owner" states that

[u]pon filing the complaint, the clerk of the court shall issue a citation to the owner of the property to appear before

---

1. 11 U.S.C. § 544 provides in relevant part that: (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of this title or that is not allowable only under § 502(e) of this title.

11 U.S.C. § 545 provides in pertinent part that:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

the court at a time and place designated, to show cause why such lien should not be allowed and enforced by the court for the amount claimed.

As far as we are aware, neither of these sections has been interpreted by the Rhode Island courts in the context of: (1) whether they establish a required procedure for perfecting a common law lien in Rhode Island, or (2) whether they merely provide an additional remedy to the common law lien holder by prescribing a statutory method which enables the lienor to collect its debt. In order to resolve this question, we examine the history and decisional authority regarding common law possessory liens.

■ At common law, a person who, at the owner's request, performs labor on a chattel has a lien for the debt so long as the lienor retains possession of the chattel. *Burns v. Miller*, 107 Wash.2d 778, 733 P.2d 522 (1987) (citing *Ellison v. Scheffsky*, 141 Wash. 14, 250 P. 452 (1926)); *see also Associates Financial Services Company, Inc. v. O'Dell*, 491 Pa. 1, 417 A.2d 604 (1980). Moreover, it is generally accepted that

a person in possession of property under a lien is the owner of it against all the world and even against the actual owner until his claim is paid; and no one, not even the actual owner, has any right to disturb his possession, without previous payment of such claim.

*Gordon v. Sullivan*, 188 F.2d 980, 982 (App.D.C.1951) (citing *Brown v. Petersen*, 25 App.D.C. 359, 363 (1905)).

■ Here, the Trustee argues that R.I.GEN.LAWS § 34–35–1, *et seq.*, "serves to transform the common law lien into a combined common law-statutory lien," which requires perfection according to the procedures set out in the statute. (Memorandum in Support of Trustee's Objection to Smithfield Diesel & Transmission Repair, Inc.'s Motion for Relief from Stay, August 4, 1989, p. 1). Based on what we consider to be a better line of reasoning, we reject Trustee's argument.

At least one commentator has considered the difference between statutory and common law liens:

Statutory liens often fail to provide clear guidance as to the rights of the lien holder.... The entire problem can be finessed through application of the definition of statutory liens in Bankruptcy Code § 101(45). It defines the lien as one 'arising solely by force of a statute.' Often, the artisan or garagemen is the beneficiary of a possessory lien for valuable improvements made at the request of the owner by common law decision.

It has been held that the statutory embodiment is not necessarily an exclusion of the common law lien. *Nickell v. Lambrecht*, 29 Mich.App. 191, 185 N.W.2d 155 (1971 [1970]). If a common law lien is what is asserted rather than the statutory lien, the measure of perfection is presumably the lesser standard used for the strong-arm clause, that is perfection as against an ideal lien creditor.

Aaron, "The Avoiding Powers of the Trustee in Bankruptcy," *Bankruptcy Law Fundamentals*, Chapter 10, § 10.08 (1989).

In *Northeast Kansas Production Credit Association v. Ferbrache*, 236 Kan. 491, 693 P.2d 1152 (1985), the Supreme Court of Kansas remarked on the priority of liens claimed on personal property:

Certain liens on personal property for services rendered in repairing or improving the same were recognized at common law. All of these liens were possessory liens which required the lien claimant to retain possession of the property and then to enforce his lien by proceeding with a civil action. If the lien claimant voluntarily delivered possession of the personal property to the owner, the lien was deemed to be extinguished. Later, various state legislatures, including the Kansas legislature, enacted statutes which provided for statutory liens on personal property. Many of these statutes expanded the scope of the common-law liens by providing for perfection of a lien by some form of statutory notice.

236 Kan. at 493, 693 P.2d 1152.

The court then went on to reaffirm its holding in *Loader v. Bank*, 113 Kan. 718, 216 P. 264 (1923) in which it stated that:

'The policy of the law is against secret liens, and the court knows of no noncontract lien on personal property, good as against purchasers or mortgagees, not dependent *either on possession* or on some form of statutory notice.'

236 Kan. at 494, 693 P.2d 1152 (emphasis added) (citing 113 Kan. at p. 720, 216 P. 264).

Thus, in *Northeast Kansas,* the court recognized perfection by either possession or statutory notice.

We agree with the conclusion reached by the above authorities that a statutory notice provision, such as contained in R.I. GEN.LAWS § 34–35–1, *et seq.,* merely serves to enhance the existing common law lien, providing a method by which the lien holder can satisfy its lien, but does not transform the common law lien into a statutory lien, nor change the general rule that common law lien perfection is achieved by possession. *See, e.g., In re Glenn,* 20 B.R. 98, 101 (Bankr.E.D.Tenn.1982).

> As to most 'goods' the U.C.C. allows a security interest to be created and perfected by possession by the secured party. U.C.C. §§ 9–105(1)(f), 9–203(1)(a), 9–302(1)(a), 9–305.... The court thinks it is clear a security interest in a motor vehicle can also be perfected by possession. Section 9–302(4) of the U.C.C. means only that compliance with the certificate of title act is required when filing would be required for perfection. It does not eliminate perfection by possession. *See* U.C.C. §§ 9–302(1)(a), 9–305.

*In re Glenn, supra,* at 101.

In discussing whether a warehouseman's lien was perfected as against the Trustee in bankruptcy, another authority has noted that

> [t]hese sections [U.C.C. 7–202 and 7–209] made the common law lien general and added a right of sale but did not otherwise displace the common law lien. In the same fashion, U.C.C. § 7–209 does not expressly displace the common law lien. Nor does the drafting history of that section indicate such an intention; rather, the intention was to expand the coverage of the common law lien.

Frisch, Leary Jr, Wladis, "Survey, Uniform Commercial Code Annual Survey: General Provisions, Sales, Bulk Transfers, and Documents of Title, Section of Corporation, Banking and Business Law, American Bar Association," 42 Bus.Law 1213, 1259 (1987) (citations omitted).

Indeed, this same commentator remarked that "[t]he assertion of a common law lien would probably allow the warehouseman to prevail against the trustee in bankruptcy. Generally, common law possessory liens are respected in bankruptcy." *Id.* at 1260 (citing 4B W. Collier, *Collier on Bankruptcy 1007,* n. 19c (14th ed. 1978)).

Based on the foregoing, we find that R.I.GEN.LAWS § 34–35–1, *et seq.,* does not displace the common law lien which Smithfield Diesel holds by virtue of its possession of the Caterpillar crawler/loader, and accordingly, we GRANT it the relief requested.

Enter Judgment accordingly.